## SUSANNAH SIBLEY *vs.* JAMES PHELPS.

A promissory note, not negotiable, is within the exception of the statute of limitations, (Rev. Sts. *c.* 120, § 4,) as to notes signed in the presence of an attesting witness.

An indorsement of payment on a promissory note, written by the holder thereof by the express assent and request of the promisor, is sufficient proof of such payment to prevent the operation of the statute of limitations.

THIS was an action of assumpsit, commenced on the 12th of February, 1849, by the plaintiff, as the administratrix of Francis Sibley, to recover the amount due on a promissory note, of which the following is a copy: —

" Windham, May 6, 1840. $3000. On demand I promise to pay to Francis Sibley three thousand dollars with interest, value received. James Phelps. Witness, Larned Brown."

Upon the note were the following indorsements: " 1844, February 27. Then received one hundred ninety-six dollars. 1844, September the 1st day. Then received one hundred and fifty dollars in part. January 1, 1849. Value received, pay the within to Israel Sibley or order without recourse. Susannah Sibley, administratrix of Francis Sibley."

The trial was before *Wells,* C. J., in the court of common pleas. Among the grounds of defence, specified by the defendant, was the statute of limitations; to avoid the effect of which, the plaintiff relied upon the fact, that the note was attested, and that payments had been made upon it within six years and indorsed thereon. In regard to the first ground, the presiding judge ruled, that the attestation of the note, it not being negotiable, did not take it out of the statute. There was no evidence in regard to the first indorsement. In regard to the second, it was in evidence or admitted that the amount

was indorsed on the note by Sibley, at the request of Phelps, who was present and saw it done; Sibley asked Phelps to indorse it, but Phelps declined, and said to Sibley, "do you indorse it;" which he did, and after looking at it, Phelps said it was correct.

The plaintiff's counsel contended, that this was a payment which took the case out of the statute, but the presiding judge ruled that it was not, and that the debt was barred by the statute. A verdict was accordingly rendered for the defendant, and the plaintiff excepted.

*E. Washburn* and *C. D. Bowman*, for the plaintiff.

*P. C. Bacon*, for the defendant.

SHAW, C. J. The court are of opinion, that these exceptions must be sustained. We are not aware of any case, in which it has been held, that promissory notes, taken out of the operation of the statute of limitations by being signed by an attesting witness, are limited to negotiable notes. The words in the statute of 1786, *c.* 52, § 5, are, "any note in writing, &c., whereby such person shall promise to pay any sum of money." The same meaning we think is intended to be expressed in Rev. Sts. *c.* 120, § 4, by the term "promissory note." Negotiability is not an essential quality of a promissory note. No definition, that we are aware of, embraces negotiability as a quality of a promissory note. Story on Notes, § 1; 2 Bl. Com. 467; Kyd on Bills, (3d ed.) 18; Chit. Bills, (10th Am. ed.) 516; Bayley on Bills, (2d Am. ed.) 1, 29. "A promissory note is, in contemplation of law, entitled to all the privileges belonging to such an instrument, by the commercial law, as well as by common law, without being negotiable." Story on Notes, § 3. The exception of the statute of limitations has been applied to notes in writing not negotiable. *Grinnell* v. *Baxter*, 17 Pick. 386; *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21.

And we do not perceive why the case is not within the other exception to the operation of the statute, arising from a payment made within six years. Rev. Sts. *c.* 120, § 17. The proof offered did not depend upon an indorsement made by the holder only; the offer was to prove that it was made by the express assent and request of the defendant.

15 *                        Exceptions sustained.*