Staff, J.
This is an action of contract brought on two promissory notes executed by the defendants in favor of the plaintiff. The answer alleges fraud, misrepresentation, failure of consideration, duress and incapacity.
The court found for the plaintiff on one of the notes and for the defendants as to one of the notes. In his findings with respect to that part for the defendants, the judge stated that:
The note in the amount of $13,000.00, dated March 25, 1979 and . declared on in Count I andshown as Exhibit A attached to plaintiffs complaint is void on its face in that it does not satisfy the requirements set out in Massachusetts' General Laws, Chapter 106, Section'3-109.
*140 The statute referred to is a statute dealing with the negotiability of notes and serves to further define what is meant by the phrase: “an instrument is payable .. . at a definite time.” (One of the requirements of negotiability is that the instrument be payable at a definite time. M.G.L. c.106, §3-104).
The plaintiff filed appropriate requests for rulings to bring to the judge’s attention the issue before the court and the judge took no action on the requests, in effect denying them. Wolfe v. Laundre, 327 Mass. 47, 96 N.E. 2d. 855 (1951). See also Swanson v. Bankers Life, 1982 Mass. App. Div. 143, 145.
We believe that the judge erred in declaring the note to be void on its face.
The issue of negotiability is a red herring creating a false scent across the trail of analysis. This action is a claim brought by the payee of the note against the maker and the question of negotiability does not enter into this transaction. The maker of the note is entitled to assert all of the defenses that she has claimed against the payee. If the instrument was a negotiable instrument and held by someone other than the payee, by a holder in due course, the state of accounts between the original parties would not be a concern. Forastiere v. Springfield Institution For Savings, 303 Mass. 101, 20 N.E. 2d. 950 (1939).
Negotiability is not an essential element of a note, Sibley v. Phelps, 60 Mass. (6 Cush.) 172 (1850).
“The fundamental rule in the interpretation of all written instruments is to ascertain the intent of the parties from all the language employed, attributing appropriate force to every word used. Effect must be given to that intent uhless prevented by some positive rule of law. . .” McQuesten v. Spalding. 231 Mass. 301, 120 N.E. 2d 950 (1918). While there may be some question as to the negotiability of the instrument, its validity as a contract does not appear to be open to doubt.
Accordingly, we determine that judgment should enter for the plaintiff on the second note, as well as the first note, plus interests and costs.