## CARPENTER *vs.* COIT.

If a defendant, in an action on contract, had, before the commencement of the plaintiff's action, become liable to pay a demand, against which, the plaintiff was bound to indemnify him, yet if the defendant had not paid the demand before the commencement of the plaintiff's action, he cannot plead it in offset.

In a declaration on a contract for the payment of specifick articles, at a particular time and place, it is not necessary to aver, that plaintiff was ready at time and place to receive them.

The rules of Court do not permit either party to change his plea after an issue of fact has been joined in the case.

*Chittenden,*
*January,*
*1797.*

THIS was an action of *assumpsit* on note, or written instrument, dated February, 1791, in which Coit acknowledged the receipt of £185, 4s. of Carpenter, which sum he promised to pay to Carpenter on the first of October, 1791, in due-bills payable out of the road tax on the town of ———— if due-bills to that amount should be allowed by the County Court for the County of Chittenden.

And if a sufficient sum should not be allowed of such due-bills, then the remainder in certain other due-bills. Payment to be made at the dwelling house of said Coit in Burlington.

The defendant, in the Court below, had plead the general issue, and an offset, in two counts. The first count was on a promise to indemnify and save harmless the defendant against any damages which he should sustain in consequence of his becoming bail to one Pomroy, who was recognized for the prosecution of a certain writ of *Audita Querela,* prayed out by the present plaintiff. And it was averred, that the defendant had been compelled to pay a large sum (which was particularly specified) that had been recovered against Pomroy on his recognizance. The promise was alleged to have been made before, and the money to have been paid since the commencement of the present action. The second count was for money paid, laid out and expended.

To both which counts in offset, the general issue had been pleaded in the Court below.

*Fay,* for plaintiff, moved for leave to alter his plea to the first count of the defendant's plea in offset, and to demur, on terms.

*By the Court.* The rule of this Court, allowing parties to alter their pleas, has never been construed to permit either party to alter his plea, after an issue of fact has been joined. It has been often so ruled. It was so ruled in House against Billings.

The cause now came on to trial, on the pleadings and issues as above stated.

The note being admitted, was read with an endorsement of a considerable sum as having been received.

The counsel for the defendant then stated their evidence on the plea in offset.—That the defendant, long before the commencement of the present action, had, at the request of the plaintiff, procured one Pomroy to become recognized for the prosecution of a writ of *Audita Querela,* as mentioned in the first count of the defendant's plea in offset.—That the defendant engaged to indemnify Pomroy, and the plaintiff promised that if the defendant should be compelled to pay any thing on that account, the same should be allowed on the contract now in suit.—That the *Audita Querela* was determin-

12

Chittenden,
January,
1797.

Carpenter
vs.
Coit.

ed against the present plaintiff, and a recovery had, for a large sum against Pomroy, on his recognizance, at the adjourned term of the County Court in June last, which sum the defendant, agreeably to his engagement with Pomroy, had paid.

The counsel for plaintiff objected that this evidence was not admissible under the statute, as it will not prove a debt due at the time of the commencement of the plaintiff's action.

For defendant it was insisted, that it would be unjust to exclude the proof of this sum in offset, since it was paid on an agreement so to be applied, though not actually paid before the commencement of the plaintiff's action. The agreement however was long before; but from the nature of the business, the defendant had been compelled to pay nothing until June last. The plaintiff ought in consequence to have forborne the suit on this note, or to have paid what was recovered against Pomroy; but since he has done neither, the sum so paid ought to be allowed in offset, which would only be carrying into effect the agreement of the parties, and compelling the plaintiff to do no more than he ought in conscience to have done, and in the same manner as it had been agreed.

CHIPMAN, Ch. J. The statute is pointedly against the defendant, upon the offset. But if it be proved, that plaintiff agreed to allow the defendant on the note, whatever he might be compelled to pay to Pomroy, the defendant may have justice in the case, consistent with the rules of law, and without the aid of the statute of offsets. For if the plaintiff agreed, that whatever the defendant should be compelled to pay, on account of his engagement to Pomroy, should be allowed as so much paid on the contract now in suit, the plaintiff could in no way discharge or avoid that agreement, but by preventing any thing coming against Pomroy, on account of his recognizance, or, by paying it himself. And if he has suffered a recovery to be had against Pomroy, and the defendant has paid the money so recovered, it may be proved in payment, under the general issue.

If the plaintiff directs payment to be made on a demand already in suit, and payment be made accordingly, at any time before the trial, such payment may be given in evidence under the general issue.

HALL, J. and WOODBRIDGE, J. concurred.

The offset was abandoned, and the defendant attempted to prove *Chittenden,* the agreement as above stated, but failed in his proof. The Jury January, 1797. therefore found a verdict for the plaintiff.

*Carpenter vs. Coit.*

The defendant's counsel moved in arrest of judgment, for insufficiency of the declaration on two grounds. 1st. That it contained no averment that the plaintiff was at the house of defendant, in Burlington, on the said first day of October, 1791, (the place and time of payment appointed in the note) ready to receive the payment, &c. 2d. That it contained no averment that the accounts for work in the town of ——— had been allowed by the County Court.

*Fay,* for the plaintiff, contended that the averment in the first exception was unnecessary—that the want of it would not have been fatal on a general demurrer—that the averment in the last exception would have been improper. At any rate, if one or both of the exceptions might have prevailed on a special demurrer, yet they were aided by the verdict. 5 Com. Dig. pl. b. 87.—In *assumpsit,* that plaintiff should not be disturbed in carrying away furze from a certain place where the furze was to be taken, there was no averment that he was disturbed before that day. It was held that this defect was cured by the verdict.

The counsel for defendant, in support of the motion, contended *that the averments in both instances were necessary.* In support of the first exception, it was urged, that the defendant was not holden to pay, unless the plaintiff was ready at the time and place to receive the payment. Upon the second exception, they said that the allowance of the accounts by the County Court, as mentioned in the note, was a condition precedent.

The Court were of opinion that the declaration was good after verdict. As to the first exception, such averment in this case is not matter of substance. It is not traversable, nor any way necessary in proof, for it was not stipulated that the plaintiff should be personally ready, &c. At any rate, it is cured by the verdict. As to the second exception, the payment of the sum contained in the note, was not to depend on the allowance to be made by the County Court. The failure of a sufficient allowance, only changed the residuum of payment, by substituting other due-bills. Any averment, therefore, to this point, would have been impertinent.

The defendant can take nothing by his motion.