JOSEPH J. WALDRON, Assignee, &c., *v.* JOHN BAKER.

Where a written assignment of a claim, with the name of the assignee left blank, is delivered to a party with intent to transfer the same to him; it will operate to vest in him the title as assignee, but he may fill in the name of a third person, and deliver the instrument to the latter, and so transfer the title to him.

In such case, the first transferee is an assignee of the claim within the meaning of § 399 of the Code, as truly as though the assignment had been filled up with his name when delivered by the original owner.

An account may be assigned by parol.

An agent who collects money due upon the price of goods sold, cannot, in an action for such money, deny the title of his principal to the goods. (*Sed, per* DALY, J., *quere?*)

When, however, an alleged assignee of the principal sues for the money, the agent may put in issue the legal capacity of the principal to assign the claim, as where, for example, the latter is alleged to be a married woman, having no separate property, and the claim is averred to belong, not to her, but to her husband.

A judgment obtained by a debtor, in an action against the assignor of a claim against him, after such assignor had transferred the claim to a third person, cannot be received in evidence in an action by the assignee against such debtor, without proof that the cause of action sought to be set off was due to the defendant at the time of the assignment.

APPEAL by the defendant from the Sixth District Court. The questions in the case are sufficiently illustrated in the opinions.

*Warren G. Brown,* for the defendant.

*Richard Wynkoop* and *Charles A. Peabody,* for the plaintiff.

Waldron *v.* Baker.

INGRAHAM, FIRST J.—This action is founded on two claims assigned to the plaintiff; one from Catharine E. Platt, and the other a claim belonging originally to Seely and Close, and by them transferred to Jacob S. Platt, and by him to the plaintiff, by inserting in a blank assignment, received by Platt from Seely and Close, the name of the plaintiff. The defendant collected money for Mrs. Platt for goods sold by him for her, and the action is to recover from him the amount so collected, and also the account against him, originally held by Seely and Close.

All the questions which were proposed, to wit, the title of Catharine E. Platt to the property sold by her, and for which the original indebtedness accrued, were immaterial, and properly excluded, except so far as relates to the right of Catharine E. Platt to assign the claim.

The defendant had collected money for her as her agent, and he is estopped, after collecting it for her, from denying her right to it. As between Mrs. Platt and the defendant, there can be no question whether the consideration of the original indebtedness was valid or not.

The justice erred, however, in excluding the defendant from testifying as to the claim of Seely and Close. That claim was turned over to Jacob S. Platt, and a blank assignment was delivered to him. It was not necessary, for a transfer of the claim, that the assignment should be in writing. A mere delivery would be sufficient, and by such delivery the title of Platt to it was as perfect as the subsequent written assignment could make it. If Platt had no title, his subsequent filling up the blank assignment with the plaintiff's name gave none to him. It is not pretended that there ever was any subsequent agreement by which Seely and Close transferred this claim to the plaintiff; and if the plaintiff's claim is of any validity, it is as the assignee of Jacob S. Platt.

It is immaterial whether Platt transferred by delivery, or by filling up the blank in the original assignment intended for him. In either event, he was for the time the holder, and by the transfer to the plaintiff he became the assignor. The

defendant should have been received to testify as to the matters to which Jacob S. Platt testified, so far as related to this claim.

There are other questions in this case which are at least very doubtful.

How far Catharine E. Platt, being a married woman, was the party entitled to assign the claim, may well be questioned. It does not appear to be the proceeds of her separate estate, and if it was not, she had no right to assign it; it still remained the property of her husband, and he could assign it. The relation of the defendant, as agent for Mrs. Platt, did not prevent him from requiring that any transfer of the claim against him should be executed by the proper parties.

The judgment obtained by Baker against Platt also should have been received in evidence, if at the date of it the claim against Baker was the property of Platt; and in that case the claim should have been set off in the action of Baker against Platt.

It is not, however, necessary to examine the other questions, as the points above stated render a reversal of the judgment necessary.

DALY, J.—I think, also, that the questions were proper; that the defendant had a right to show that he was indebted to Jacob S. Platt; that the claim belonged to him, and not to his wife, and that, consequently, nothing passed to the plaintiff under her assignment. There is also nothing in the return to show that the judgment was admissible. If the suit by Baker against Platt was commenced before the assignment to the plaintiff, the record of the judgment would have been material to show that fact; but as nothing appears by the return but the offer of a judgment between Platt and Baker, recovered on the 25th of April, 1855, the assignment to the plaintiff having been made on the 17th of April, 1855, we cannot, upon appeal, say that the judgment should have been reversed.

Judgment reversed.