The firm of Graydon, McCreery Co. made a general assignment to the plaintiffs for the benefit of their creditors, on the 7th of May, 1861. At the time of making the assignment, they had a demand against the defendants for goods sold, amounting to $3,107.42; to recover which, this action is brought.
The defendants held and owned, at the time of the assignment, three promissory notes, made by Graydon, McCreery Co.; the first for $671.28, which became due April 4, 1861; the second for $998.35, which became due April 11, 1861; and the third, which had not matured at the time of the assignment, had become due May 25, 1861. None of these notes had been paid. The action was commenced after all the notes matured; and the defendants sought to offset the amount of these several notes of Graydon, McCreery Co. against the demand which said firm had so assigned to the plaintiffs.
The court, upon the trial, allowed the first two notes, which had matured at the time of the assignment, as legal offsets against the plaintiff's demand; but instructed the jury that the third note, which did not mature until after the assignment, was not a legal offset. To this the defendants excepted.
The only question presented for decision upon this appeal is, whether the defendants were entitled to offset the third *Page 397 
note, which was not due at the time of the assignment of the demand in suit. If the defendants might have set it off against Graydon, McCreery Co., at the time of their assignment, provided that firm had sued the defendants on this assigned demand, it was a proper subject of set-off in this suit — otherwise not; for the case depends entirely upon the statute, which is as follows:
"If the action be founded upon a contract other than a negotiable promissory note, or bill of exchange, which has been assigned by the plaintiff, a demand existing against such plaintiff, or any assignee of such contract, at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of such assignment, may be set off to the amount of the plaintiff's debt, if the demand be such as mighthave been set off against such plaintiff, or such assignee, whilethe contract belonged to him."
The fact that, under the Code, the action is brought in the name of the assignees, and not of the assignors, as plaintiffs, does not change the rights of the parties, and the defendants are still entitled to the set-off, precisely as if the action had been brought by the assignees in the name of Graydon, McCreery 
Co., as plaintiffs, as it must have been when the statute of set-offs was passed. (Myers v. Davis, 22 N.Y. 489.) And the statute is now to be read and construed with reference to such change in the mode of bringing the action.
The simple principle applicable is this, that the assignee takes the contract assigned to him subject to the right of set-off which the debtor had against it at the time of the assignment.
It would seem to be very clear, then, that the defendants had no right to set off the third note against the demand in suit; for, at the time of the assignment, this note had not become due, and was not then such a demand "as might have been set off against" the assignees "while the contract belonged to them."
An allowance to a party by way of set-off is always founded on an existing demand in presenti, and not one that may be claimedin futuro. (Aymar v. Astor, 6 Cow. 261, 266; *Page 398 Myers v. Davis, supra; Bradley v. Angel, 3 Comst. 475;Kingston Bank v. Gay, 19 Barb. 459; Waldron v. Baker, 4 E.D. Smith, 440; Thompson v. Hooker, 4 N.Y. Leg. Obs. 17;Wells v. Stewart, 3 Barb. 40; Hicks v. McGrorty, 2 Duer, 295; Watt v. Mayor, etc., of New York, 1 Sandf. S.C. 23.) The remark of the court, in Wells v. Stewart, that "the words, `if the demand be such,' do not apply to the notice only, but also to the condition or state thereof," is sustained by the other cases, and presents a correct construction of the statute, which is decisive of the question before us. The decision of the court below is in accordance with that construction. The judgment, therefore, is right, and should be affirmed.