## R. T. CHAMBLISS *v.* J. E. MATTHEWS.

1. SET-OFF. *Mutuality. Notice of assignment. Debt not due.*
   The maker of a promissory note, if sued by its indorsee, cannot set off the payee's note, which he purchased before the former was indorsed, unless the latter note was due when he received notice of such indorsement.

2. PROMISSORY NOTE. *Maturity. Days of grace.*
   A promissory note is not due for three days after the date of payment expressed on its face.

ERROR to the Circuit Court of Tate County.

Hon. SAM. POWEL, Judge.

*C. L. McClendon* and *Nugent & McWillie*, for the plaintiff in error.

The maker of a promissory note, by virtue of Code 1871, § 2228, can plead any set-off " made, had, or possessed against the same previous to notice of assignment." To hold that the assignor's note cannot be so pleaded, because not due when notice was given, is to add terms to the statute. If due when pleaded, the set-off is valid. *Haughton* v. *Leary*, 3 Dev. & B. 21 ; *Mizell* v. *Moore*, 7 Ired. 255 ; *Brazelton* v. *Brooks*, 2 Head, 194 ; *Walker* v. *McKay*, 2 Met. (Ky.) 294 ; *Houghton* v. *Houghton*, 37 Maine, 72 ; *Nettles* v. *Huggins*, 8 Rich. 273 ; *Beaver* v. *Beaver*, 23 Penn. St. 167 ; *Stewart* v. *Anderson*, 6 Cranch, 203 ; *Rose* v. *Hart*, 2 Smith's Lead. Cas. 309 ; 2 Parsons on Contracts, 742 ; 2 Parsons on Notes and Bills, 605 ; 1 Equity Lead. Cas. 143.

*Shands & Johnson*, for the defendants in error.

Mutuality is essential to set-off. The debt to be set off must have been due from the plaintiff's assignor to the defendant when the latter was notified by the plaintiff of the assignment of the debt sued on. *Bullard* v. *Dorsey*, 7 S. & M. 9 ; Waterman on Set-off, §§ 107, 109. A note is not mature until the expiration of the three days of grace. *Wiggle* v. *Thomason*, 11 S. & M. 452 ; *Winston* v. *Miller*, 12 S. & M. 550.

GEORGE, C. J., delivered the opinion of the court.

On Oct. 8, 1878, Chambliss, the plaintiff in error, made his note payable on demand to one Moss for sixty dollars.

After the note became due, to wit, on Jan. 9, 1879, Moss indorsed this note to Matthews, the defendant in error. On this last mentioned day, Moss gave his note to Tate & Co. for sixty dollars and ninety-eight cents, payable one day after date, maturing, by the allowance of the three days of grace, on Jan. 13, 1879. On the day this last note was made, viz., Jan. 9, 1879, Tate & Co. transferred it to Chambliss, the plaintiff in error, and on the next day, Matthews, the assignee of the note made by Chambliss, gave notice to Chambliss that he had purchased the note made by him to Moss. Matthews sued Chambliss on the note of the latter, which had been transferred to him, and Chambliss relied on the note made by Moss, the payee in his note, to Tate & Co. as a set-off. This suit was not brought till after both notes were due. If the note of Moss to Tate & Co. had been due and payable at the time Matthews, the assignee of the note of Chambliss, gave notice of his purchase to Chambliss, it is conceded that this note of Moss, purchased by Chambliss, would be a valid set-off in Chambliss's favor. But it is insisted here, and was so ruled in the court below, that as the set-off attempted to be used by Chambliss was not due when he purchased it, and had notice of the purchase by Matthews of Chambliss's note to Moss, the set-off cannot be allowed.

It will be noted that the attempt of Chambliss is to set off against a debt made by him to Moss, and by the latter assigned to Matthews, a note made by Moss to a third person, and which Chambliss claims to have bought before he had notice that Moss had transferred his note to Matthews; and that the debt relied on as a set-off is not the result of a dealing between Chambliss, the maker of the note, and Moss, the payee, before the former had notice of the transfer. The question here is, as to the rights Matthews acquired by his purchase of Chambliss's note. At the time Matthews purchased that note it was overdue, and at the instant of purchase, Matthews might have sued Chambliss on the note. At that time, and for four days afterwards, the note relied on by Chambliss as a set-off was not due, and if suit had been brought by Matthews at the time he purchased, or on the next day when he gave notice of his purchase to Chambliss, the latter would have been un-

able to use the note he had purchased as a set-off, because it is well settled that no debt can be made available as a set-off which is not overdue at the commencement of the suit in which it is attempted to be used.   But as Matthews did not sue till after the alleged set-off became due, is he affected in his right by this delay ?   We think not.   His rights were fixed at the time he gave notice of his purchase to Chambliss.   If the latter then held no set-off, which could be used against Matthews, he could afterwards acquire none.   The rights of the parties are to be determined as they existed at the time the notice was given.   *McAlpin* v. *Wingard*, 2 Rich. 547, 550.   The rule seems to be well settled that the debt pleaded as a set-off must be an existing demand *in presenti* previous to the assignment of the debt sued on.   *Martin* v. *Kunzmuller*, 37 N. Y. 396 ; *Graham* v. *Tilford*, 1 Met. (Ky.) 112 ; *Kershaw* v. *Merchants' Bank of New York*, 7 How. 386.

*Judgment affirmed.*