BOARDMAN P. BACKUS *vs.* MARK H. SPAULDING & another executors.

Hampshire.    September 18, 1878; February 24. — September 21, 1880.

In an action against the executor of the maker of a promissory note, not negotiable, which had been assigned to a third person before maturity, for whose benefit the action was brought, it appeared that the defendant's testator had indorsed another promissory note for the accommodation of the nominal plaintiff, which note was due at the time the note in suit was given, but was not paid by the defendant until after notice to the testator of the assignment of the note in suit.  *Held,* that the defendant could not, under the Gen. Sts. c. 130, set off this note, although the plaintiff in interest knew when he took the note in suit that the payee was insolvent.  *Held* also, that these facts, together with the facts that the assignee of the note was warned by the defendant not to take the note, and that the nominal plaintiff was not called as a witness at the trial, would not warrant the jury in finding that the parties to the note in suit agreed that the amount which the testator might be called on to pay on the accommodation note should be in part payment of the note in suit.

COLT, J. This action is upon a promissory note, not negotia ble, for $3180, signed by Jonathan S. Baker, the defendants' testator. It is brought in the name of Backus, the payee, for the benefit of the firm of Stoddard & Kellogg, to whom it was assigned a few days before its maturity, and who gave notice of the assignment to the defendants soon after.

When this note was given, Baker was liable, as accommodation indorser, upon a note of Backus for $2500, which was then overdue. After the assignment of the note in suit to the plaintiffs in interest, and notice of it to the defendants, and after it became due, but before this action was commenced, the $2500 note was paid by the defendants as executors of Baker, and they now insist that the amount of the same shall be allowed in set-off in this action. They allege that, when the note in suit was given, it was agreed between Baker and Backus that the amount which the former should be obliged to pay on account of his liability as accommodation indorser for the latter should go to reduce the note in suit, by way of set-off. But the judge properly ruled that there was no evidence of this agreement which could be submitted to the jury. The evidence was that the negotiable quality of the note was destroyed by the erasure of the words " or order ; " that Backus was insolvent, and known to be so by Stoddard & Kellogg at the time of the assignment to them; and that they were advised by the defendants before the assignment not to buy the note, because the estate of Baker had claims more than enough to meet it. But these facts are all consistent with the non-existence of the alleged agreement; and their weight as evidence is not increased by the consideration that Backus was not present at the trial, and did not give his deposition. The failure of a party to call a witness, who may be supposed to know of the fact in dispute, cannot be treated as affording positive evidence against him, or as adding to other evidence, unless the witness is within reach, and his testimony is needed to explain evidence already in. Backus does not appear to have been within reach, and there was nothing tending to show the existence of an agreement which the plaintiffs in interest were called on to explain. *Commonwealth* v. *Clark,* 14 Gray, 367.

A more important question is whether, independently of the alleged agreement between the parties, the set-off claimed can be

properly allowed.   In dealing with that question, the note is to be treated as taken by Stoddard & Kellogg simply as assignees of a chose in action.   The right of the defendants to apply in set-off the amount paid, after notice of the assignment, in discharge of the liability of Baker as accommodation indorser or surety for Backus, must be settled by the rules which govern in actions at law.   The assignees of the note took it subject to all legal defences and all right of set-off existing at the time of its maturity between the parties to it.   Their rights against the maker of the note are determined by the rights of the payee at that time.

The facts in the present case show that when Baker's note became due, after notice of the assignment, the defendants, as representatives of Baker's estate, had no debt against Backus, the payee, which could be availed of by way of set-off to diminish or extinguish the amount then due.   An accommodation indorser or surety has no debt against the principal maker until he has paid the amount for which he is liable as surety or indorser. His liability is collateral, and his claim on the principal is contingent and uncertain, because it cannot be known that he will ever pay the debt, and until he does he suffers no injury.   *Jenkins* v. *Brewster*, 14 Mass. 291.   *Houghton* v. *Houghton*, 37 Maine, 72.   *Houston* v. *Fellows*, 27 Vt. 634.

The statutes of this Commonwealth, relating to the set-off of mutual demands between plaintiff and defendant, declare that no demand shall be set off unless for the price of real or personal estate sold; or for money paid, or money had and received; or for service done; or unless it is for a sum that is liquidated, or that may be ascertained by calculation; or that existed at the commencement of the suit, and then belonged to the defendant; or unless it is due to him in his own right. They also provide that, if the demand on which the action is brought has been assigned, and the defendant had notice of the assignment, he shall not set off any demand that he acquires against the original creditor after such notice.   Gen. Sts. *c.* 130, §§ 1–10.

In *Sargent* v. *Southgate*, 5 Pick. 312, it was decided, after much consideration, that, in an action by an indorsee against the maker of a negotiable note indorsed when overdue, and therefore

subject to the equities existing between the maker and payee, the defendant could not in his defence make use of a note made to him by the payee before the note in suit was assigned, unless he proved that the note was given as evidence of payment, or unless he filed it under the statute in set-off. It was said in reference to negotiable promissory notes when overdue, as distinguished from mere choses in action which require notice of their assignment, that this right of set-off must be confined to demands which accrued to the defendant while the payee was actual holder, and would not extend to demands which accrued afterwards, although no notice of the transfer of the note was given to the maker. And in *Baxter* v. *Little*, 6 Met. 7, it was decided that, where the first indorsee negotiated the note after maturity, in an action by the second indorsee, the defendant could not set off any claim which he had on the first indorsee, except such as existed at the time of the transfer of the note. See also *Ranger* v. *Cary*, 1 Met. 369, 375.

In *Jones* v. *Wolcott*, 15 Gray, 541, a surety who had signed a note for the purpose of raising money to satisfy a judgment recovered against him for the default of his principal, but who had not paid any money on account thereof, was held not entitled to set off the judgment against a debt due from him to the principal, or to set it up in defence against such debt. A surety cannot be said to " acquire " a demand against the principal debtor, under our statute, until he pays the debt for which he is liable.

We find nothing in the decisions of those States where the law of set-off depends upon similar statutes, which differs from the law of this Commonwealth. In *Martin* v. *Kunzmuller*, 37 N. Y. 396, under a statute which provided that a demand existing against the plaintiff at the time of the assignment, and belonging to the defendant before notice of such assignment, might be set off, if it were such as might have been set off against the plaintiff while the contract belonged to him, it was decided that, in an action by the assignee, the defendant could not offset a note made by the assignor which fell due after the assignment of the contract in suit, and it was said that an allowance to a party by way of set-off was always founded on an existing demand *in presenti*, and not on one that might be claimed *in futuro.*

The same doctrine was laid down by Denio, J. in *Myers* v. *Davis*, 22 N. Y. 489.

In *Carpenter* v. *Coit*, 1 D. Chip. 88, it was decided that the defendant in an action on a note could not set off a liability incurred before the commencement of the action, against which the plaintiff was bound to indemnify him, unless the defendant paid the demand previously to the bringing of the action; and it was suggested that if the plaintiff had agreed to allow whatever the defendant might be compelled to pay, then the defendant might have justice in the case consistently with the rules of law and without the aid of the statute of set-off. See also *Cummings* v. *Fullam*, 13 Vt. 434; *Houston* v. *Fellows*, 27 Vt. 634. A surety who pays the debt of his principal after the commencement of an action against him by the principal cannot set off that payment in such action. *Houghton* v. *Houghton*, 37 Maine, 72. *Bartlett* v. *Pearson*, 29 Maine, 9, 15. *Greene* v. *Darling*, 5 Mason, 201. *Duncklee* v. *Greenfield Steam Mill Co.* 3 Foster, 245, 250. *Cox* v. *Cooper*, 3 Ala. 256. *Follett* v. *Buyer*, 4 Ohio St. 586.

At the time when the note in suit became due, the note of Backus which the defendants seek to use in set-off was due, not to Baker or his legal representatives, but to the person to whom Baker had indorsed it. There is no principle of law which compels Backus, in the absence of any agreement, to apply, by way of set-off or otherwise, the amount of the unpaid outstanding note in satisfaction of his note against Baker. This would be to make him liable to pay the same note at the same time to both the payee and his indorsee.

The fact that Backus was insolvent, and that his insolvency was known to the assignees at the time of the transfer, cannot affect the rules of set-off which govern in actions at law. The insolvency of Backus does not change the present rights of the parties, although it may render it more probable that Baker's estate may by payment acquire some future claim against him.

In a suit in equity brought in this court by the defendants in this action against the present plaintiffs, to enforce in set-off another promissory note, not then due, made by Backus to Baker, on the ground of the insolvency of Backus, the bill was dismissed. It was said by the court, "Whatever may be the rights of a party,

whose debt is due and payable, to compel an insolvent debtor to set off a claim against him not due, we are clearly of opinion that a party, whose debt is not due, has no equitable claim to have it set off against a debt of his own, already due, in the hands of a party who is insolvent." *Spaulding* v. *Backus*, 122 Mass. 553, 556. It appears to have been conceded in that case that such set-off could not be allowed. See also *Backus* v. *Spaulding*, 116 Mass. 418.

The statement of the executors to the plaintiffs in interest at the time of the assignment, to the effect that they had claims enough to satisfy the note, is not sustained by the evidence. As we have seen, they had no claims which they had the right so to apply.

The cases relied on by the defendants in support of their claim appear to be cases arising in courts of exclusive jurisdiction in equity, or where, as in Pennsylvania, in the absence of such courts, relief in equity under statute provisions or otherwise is administered to a limited extent by courts of law.

A majority of the court is therefore of opinion, that there must be *Judgment on the verdict for the plaintiff.*

*C. Delano,* for the defendants, cited *Greene* v. *Hatch*, 12 Mass. 195; *Sargent* v. *Southgate*, 5 Pick. 312; *Ranger* v. *Cary*, 1 Met. 369; *Thayer* v. *Crossman*, 1 Met. 416; *Baxter* v. *Little*, 6 Met. 7; *Commonwealth* v. *Phœnix Bank*, 11 Met. 129; *Ferguson* v. *Fisk*, 28 Conn. 501; *Adams* v. *Soule*, 33 Vt. 538; *Beaver* v. *Beaver*, 23 Penn. St. 167; *Thompson* v. *McClelland*, 29 Penn. St. 475; *Murray* v. *Lylburn*, 2 Johns. Ch. 441; *Brittain* v. *Quiet*, 1 Jones Eq. 328; *Harper* v. *Reno*, 1 Freem. Ch. 323; *Mangles* v. *Dixon*, 3 H. L. Cas. 702, 731; *Maitland* v. *Backhouse*, 16 Sim. 58.

*D. W. Bond & H. H. Bond,* for the plaintiff.