DAN S. RICHARDS and DANIEL J. PALMER, as Assignees of MARTIN C. ROCKWELL and MELVIN C. ROCK-WELL, Individually, and of MARTIN C. ROCKWELL & CO., for the Benefit of Creditors, Plaintiffs, v. THE VILLAGE OF UNION, Broome County, New York, Defendant.

*Assignment of a negotiable instrument before maturity — when the maker cannot offset an amount due from a firm of which the payee is a member.*

Between July, 1834, and February, 1885, T. P. Knapp, the treasurer of the village of Union, deposited money belonging to the village with the firm of Rockwell & Co., who were private bankers, the firm being composed of Martin C. Rockwell, of Union village, and Melvin C. Rockwell, of Binghamton. The moneys were deposited to the credit of Knapp, as treasurer, and were payable on demand.

On December 4, 1884, the village, in payment for plank purchased by it of Martin C. Rockwell, individually, who carried on an extensive business in manufacturing and shipping lumber, duly issued and delivered to him an order directing the treasurer of the village to pay to M. C. Rockwell, or order, $319.71, June 1, 1885, with use. In March, 1885, the banking firm, and each of the partners, individually, severally executed general assignments for the benefit respectively of its and their creditors to the plaintiffs. The assignees holding the order of December fourth by virtue of the assignment from Martin C. Rockwell, individually, presented the same to the treasurer of the village, in September, 1885, and demanded payment thereof. The treasurer refused to pay the whole amount called for by the order, but offered to pay the balance thereof remaining after deducting therefrom the sum of $221.17, which was the amount of the village moneys deposited with the firm to the credit of the treasurer at the time of the making of the assignments.

*Held,* that as the plaintiffs received the order before it became due as one of the assets of the trust property that came to their hands, as the assignees of Martin C. Rockwell, they became the legal owners thereof, and were clothed with all the rights of assignees, before maturity, of negotiable instruments, and that the defendant was not entitled to offset, as a counter-claim against the said order, the balance of money due it from the firm.

Controversy, from Broome county, submitted under section 1279 of the Code of Civil Procedure.

Plaintiffs became assignees for the benefit of creditors in March, 1885. Prior thereto Martin C. Rockwell & Co. were private bankers at the village of Union. The firm was composed of Martin C. Rockwell of Union and Melvin C. Rockwell of Binghampton, and was carrying on the business of banking. Between July, 1884, and February, 1885, T. P. Knapp was treasurer of the village of

Union ; and between the dates mentioned, deposited money belonging to the village, with Rockwell & Co., to the amount of $848.18 to the credit of " T. P. Knapp, treasurer of the village of Union, N. Y.," payable on demand ; and between said dates drew from said account for village purposes $627.01, leaving a balance of $221.17 in said bank at the time of the assignment. Martin C. Rockwell in his individual name, carried on an extensive business in manufacturing and shipping lumber, buying, pressing and shipping hay, and buying and shipping grain and potatoes. On December 4, 1884, the village in payment for plank purchased by said village, of Martin C. Rockwell individually, duly issued and delivered to Martin C. Rockwell, the following instrument :

" No. 353.        VILLAGE OF UNION, N. Y., *December* 4, 1884.

" *Theo. P. Knapp, Treasurer of the Village of Union, N. Y.* :

" Pay to M. C. Rockwell . . . . . . . . or order three hundred and nineteen, and 71-100 dollars, June 1, 1885, with use.

" Countersigned : R. PARK,
         " *Village Clerk.*"

" $319.71.    H. W. F.
                   " M. C. ROCKWELL,
                           " *President.*

In March, 1885, the banking firm made an assignment for the benefit of its creditors, and each of the partners made an assignment for the benefit of his creditors.

The instrument was delivered to Martin C. Rockwell, and was held by him in his individual name at the time of the assignment, and passed by his assignment to the plaintiffs as assignees. In September, 1885, the assignees first presented the instrument to the treasurer of the village, and demanded payment. The treasurer refused to pay the whole amount called for by the assignment, " but offered to pay the balance thereof, after deducting the $221.17, so left on deposit. Which offer the assignees declined. The defendant a short time thereafter, and on or about October 1, 1885, tendered such balance to the plaintiffs. No demand was made for the said $221.17 balance on deposit, nor was there any refusal to pay the same prior to the assignment ; but after the assignment and at or about the time of the demand by plaintiffs, in the month of Sep-

tember, 1885, such demand therefor was first made by said treasurer upon said assignees, who declined to pay the money so demanded."

*Chapman & Lyon*, for the plaintiffs.

*Radcliffe Park*, for the defendant.

HARDIN, P. J.:

When the plaintiffs were appointed assignees in March, 1885, they received from Martin C. Roekwell, as one of the assets of the trust property that came to their hands, the order executed -by the defendant's officers for $319.7.. By the terms of that order it was not due and payable until June 1, 1885, and it bore interest until that date by its terms.

At the time of the assignment the defendant was not entitled to off-set or counter-claim against said order the balance of money due it of $221.17. Before the order came due the defendant had notice of its assignment to plaintiffs. If the defendant on the day before the assignment, or the day after the assignment, had commenced the action to recover the balance due its treasurer, the order in question would not have been a legal off-set or counter-claim against the balance due to the defendant. (*Martin* v. *Kunzmuller*, 37 N. Y., 396; Code of Civil Pro., § 1909.) By the transfer of the order to the plaintiffs before the same became due, they became the legal owners thereof, clothed with all the rights of assignees before maturity of the instrument. (*Munger* v. *Albany City Nat. Bank*, 85 N. Y., 580.)

We think judgment should be ordered for the plaintiffs for $319.71, with interest from December 4, 1884. The submission provides that the judgment shall be without cost to either party against the other, but the parties here are to share equally the expense of printing the case on this submission.

Judgment will, therefore, be ordered for the plaintiffs for the sum already stated, with one-half the expense of printing the case on submission.

Judgment is ordered accordingly for the plaintiffs.

FOLLETT and MARTIN, JJ., concurred.

Judgment for $319.71 ordered against the village of Union, with one-half the expense of printing the case on submission.