## Wabash, Chester & Western Railway Company, Appellant, v. William Oetting, Appellee.

1. RAILROAD—*what not defense to action for damages for loss resulting from fire communicated by spark.* Evidence that the owner's loss had been paid by insurance companies is no defense to such an action where it does not appear that such companies have availed of their right of subrogation.

2. PARTIES—*right of assignee of chose to sue.* The assignee of a chose in action may by statute maintain an action in his own name.

Action in case. Appeal from the Circuit Court of Randolph county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in

this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

H. CLAY HORNER, for appellant.

A. E. CRISLER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Randolph county, by appellee against appellant, to recover damages for the destruction of a building and contents by fire, alleged to have resulted from negligence of appellant in allowing fire to escape from one of its locomotive engines. Verdict and judgment in favor of appellee for $900.

The amended declaration, upon which the case was tried, as abstracted by counsel for appellant, is as follows: "Amended declaration by William H. Oetting alone. First, count avers that plaintiff and former joint plaintiff Dauer, owned on Dec. 19, 1906, a foundry building and contents; that defendant operated a railroad or switchyard consisting of main track, passing tracks and switch tracks; that it was duty of defendant to so construct and operate its road and locomotives that fire should not escape to plaintiff's property; that on that date, defendant's engine, number and description being unknown, passing within four feet of the property communicated fire, through carelessness of employees and imperfect equipment, to plaintiff's building, burning same and contents, that afterwards, on Jan. 22, 1907, Dauer sold and assigned his interest in claim to plaintiff for consideration."

Counsel for appellant raises and fully discusses three principal questions: "1. Is there any evidence fairly tending to prove that appellant's engine caused the fire? 2. Has not appellant overcome any supposed *prima facie* case by proof of proper equipment

FOURTH DISTRICT—MARCH, 1909.    181

Wabash, Chester & Western Railway Co. v. Oetting, 147 App. 179.

and handling of the engine? 3. The trial court's ruling in refusing to permit appellee to prove that the loss was fully paid by insurance companies."

Questions 1 and 2, as they arise upon this record, are questions of fact to be determined from evidence, and we are of opinion that the state of evidence bearing upon these questions is such as to warrant the jury in resolving them against appellant, as was done by the verdict. .

Appellant offered to prove on the trial by proper evidence, that the building and contents in question were insured and that appellee's entire loss had been adjusted and paid in full by the insurance companies. This evidence was rejected by the court and counsel contends that this was error. His position, as we understand him, is that if appellee's loss had been fully paid by the insurance companies, then he could not maintain his action against appellant, for the reason that the insurance companies by paying the loss in full were subrogated to all the rights of appellee. Whether the insurance companies would avail of the rights to which they were subrogated, and in what manner, was for them to elect for themselves. Appellant, who sustained no relation to the parties, transaction or property, except that of wrong-doer, could not elect for them. Until the insurance companies had taken some step against appellant, appellant could not interpose these rights against appellee. A third party tort feasor cannot avail himself of an insurance company's right of subrogation in a case like this, until after the insurance company has taken some step towards availing itself of the right, and that had not been done in this case. Appellant did not offer to prove that the insurance companies or any of them had commenced any suit against it at any time, had in any manner interposed in appellee's suit at any stage of its progress, or had given appellant any notice of any kind with respect to the matter. All it offered to prove was that the insurance companies had paid the entire loss in

full. We think the court did not err in rejecting this proffered evidence.

At the time the building and contents were destroyed, they were owned by appellee and Lawrence A. Dauer, and this was true at the time this suit was begun, but after the commencement of the suit, Dauer sold and assigned his interest to appellee, and appellee was permitted to file a proper amended declaration and continue the suit in his own name. Counsel insists this was error. This question does not appear to us to be embraced in appellant's assignment of errors. However, we are of opinion that it is controlled by the Practice Act of 1907, sec. 18, "The assignee and equitable and bona fide owner of any chose in action not negotiable, heretofore or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide owner thereof, and set forth how and when he acquired title; but in such suit there shall be allowed all just set-offs, discounts and defenses, not only against the plaintiff but also against the assignor or assignors, before notice of such assignment shall be given to the defendant."

We find no material error in the rulings of the trial court with respect to the admission or rejection of evidence. And with respect to the instructions complained of, we think that one of them is subject to just criticism, but it does not appear to us that the jury was or could have been misled by it. We find no error in this record that in our judgment calls for a reversal. The judgment of the Circuit Court is affirmed.

*Affirmed.*