RALPH POIRIER *vs.* MANUEL R. TERCEIRO.

Bristol. May 15, 1916. — June 20, 1916.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Agency,* Existence of relation. *Evidence,* Failure to call witness.

In an action by a boy, who when coasting down a street "duly licensed for coasting"
was injured by a horse belonging to the defendant and ridden by a minor son
of the defendant, the defendant testified that he did not know of the use of the
horse by his son and had given him no permission to use it. The plaintiff con-
tended that it might be inferred from the evidence that the horse on the day of
the accident needed sharpening and that the defendant's son either was going to
or returning from a blacksmith's shop, but there was no evidence that this was
being done with the knowledge or consent of the defendant. There was evidence
that the defendant's son had been seen a number of times driving this horse at-
tached to a grocery wagon. *Held,* that there was no evidence for the jury that
the defendant's son was acting as the servant or agent of his father at the time
of the plaintiff's injury.

In an action for personal injuries caused by a horse of the defendant when ridden
by a minor son of the defendant, where there was no evidence that the defend-
ant's son was acting as the servant or agent of his father and the defendant did
not call his son as a witness, it was *held* that no inference could be drawn against
the defendant from his failure to call his son as a witness when there was nothing
for him to refute.

TORT by a minor by his next friend for personal injuries sus-
tained by the plaintiff on February 5, 1912, when he was coasting
down Osborne Street in Fall River, "said street having been duly

licensed for coasting by the duly constituted authorities of the city of Fall River," and was injured by a horse of the defendant, ridden by the defendant's minor son about fourteen years of age, which jumped over the sled and kicked the plaintiff. The declaration contained two counts, with a third which was waived, the first count alleging negligence of the defendant's son in the management of the horse and the second count alleging negligence of the defendant in entrusting the horse to his son who was unfit and unable to manage it. Writ dated May 23, 1912.

In the Superior Court the case was tried before *McLaughlin,* J. There was evidence that at the time of the accident the plaintiff was in the exercise of due care and that the defendant's son was negligent, and the only question raised by the exceptions was whether there was evidence on which the jury were warranted in finding that the rider of the horse, the defendant's son, "was a servant of the defendant acting in the scope of his employment at the time of the accident." The evidence on this issue is described in the opinion.

At the close of the plaintiff's evidence the defendant asked the judge to rule that on the whole evidence the plaintiff could not recover. The judge said he would make no ruling until the defendant rested; whereupon the defendant rested, and asked the judge to rule as follows:

"1. That upon the whole evidence the plaintiff cannot recover."

"4. That there is no affirmative evidence that at the time of the alleged accident the rider was in the employ of the defendant or was acting within the scope of his employment, in the absence of which the plaintiff cannot recover."

The judge refused to make the rulings requested, and "submitted the case to the jury under full and appropriate instructions, to which no exceptions were taken." The jury returned a verdict for the plaintiff in the sum of $1,243.83; and the defendant alleged exceptions to the refusal to make the rulings requested by him.

The case was submitted on briefs.

*F. M. Silvia & E. T. Murphy,* for the defendant.

*C. L. Baker, E. A. Thurston & B. Cook, Jr.,* for the plaintiff.

CARROLL, J. The bill of exceptions states that Osborne Street in the city of Fall River had "been duly licensed for coasting." The plaintiff, while on a sled on this street, was injured by

a horse owned by the defendant and ridden by his minor son. The only question presented is: Was the minor son of the defendant his servant and acting within the scope of his employment?

The defendant denied any knowledge of the use of the horse by the boy or any permission to use it. This evidence was not contradicted. There was nothing to show for what purpose the boy was riding the horse, and, even if it could be argued that on this day the horse needed sharpening, that the defendant's blacksmith was Shea, whose shop was on Eleventh Street and that the defendant's son was either going to or returning therefrom, there is no evidence to show that this was done with the knowledge or consent of the defendant. The plaintiff's father testified that he had seen the defendant's son several times driving this horse attached to a grocery wagon; but there was nothing to show that the boy was acting as the servant or agent of the defendant at the time of the plaintiff's injury. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Fletcher* v. *Willis,* 180 Mass. 243

As, on the evidence presented, the boy could not be found to have been in the employ of the defendant at the time of the plaintiff's injury, it becomes unnecessary to decide whether in going to or returning from the blacksmith shop he was called upon to pass over Osborne Street, and so had departed from the scope of his employment, even if he were then the defendant's servant.

There being no evidence of the employment by the defendant of his minor son, no inference could be drawn against him from his failure to call him as a witness. In *Tully* v. *Fitchburg Railroad,* 134 Mass. 499, 502, the plaintiff was struck at a crossing by one of the defendant's engines. The engineer and the fireman in charge of the engine were in court at the time of the trial and were not called by the defendant. It was urged that from this fact an unfavorable inference might be drawn. Colburn, J., said: "This would have been so, if the plaintiff introduced evidence tending to sustain her claim; but she could not prove her case by making allegations, and asking the jury to consider them proved because, if they were not true, the defendant had the means of showing it. These witnesses might have been called by either side." See also *Backus* v. *Spaulding,* 129 Mass. 234, 235; *McKim* v. *Foley,* 170 Mass. 426, 428; *Buckley* v. *Boston Elevated Railway,* 215 Mass. 50, 56.

*Exceptions sustained.*