CHICCARALLI *v.* LOVE, SUPERINTENDENT OF BANKS.

(Division A. Jan. 15, 1934. Suggestion of Error Overruled Feb. 26, 1934.)

[151 So. 912. No. 30979.]

**I. Semmes Luckett** and **G. Edw. Williams,** both of Clarksdale, for appellant.

D. Q. Griffing and E. B. Taylor, both of Shelby, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a decree in the liquidation proceedings of the insolvent Bank of Shelby denying the appellant the right to participate in a dividend declared by the appellee and about to be made by him to the creditors of the bank. The appellant's petition alleges, and the

appellee's answer admits, that, when the bank became insolvent, it was indebted to Giaccaglia on a general deposit which he assigned to the appellant, who immediately notified the appellee thereof.

The appellee's defense is that he holds a note executed to the bank by Giaccaglia made prior to the assignment of his deposit, and greater in amount thereof, and he asserts the right to set it off against the deposit.

Prior to the closing of the bank, it became indebted to the Union Planters' National Bank & Trust Company, and assigned to it as security therefor certain collateral, among which was the note executed to the Bank of Shelby by Giaccaglia. Under this assignment, the Bank of Shelby had the right to take down any assigned collateral by substituting other collateral therefor.

The Bank of Shelby not having paid its indebtedness to the Union Planters' National Bank & Trust Company, the latter, as it had the right to do, offered for sale the assigned collateral, including Giaccaglia's note, and became the purchaser thereof, all of which occurred prior to the assignment of his deposit by Giaccaglia to the appellant. Afterwards, the appellee discharged the indebtedness due by the Bank of Shelby to the Union Planters' National Bank & Trust Company, and the uncollected collateral it had received from the Bank of Shelby, including the Giaccaglia note, was returned to the appellee.

The appellee cannot set off Giaccaglia's note against the appellant's claim to the deposit, unless the right so to do existed prior to the receipt by the appellee of notice of the assignment thereof. Rest., Contracts, sec. 167; Northern Bank of Miss. v. Kyle, 7 How. 360; Lake v. Brown, 7 How. 661; Pass v. McRea, 36 Miss. 143; Chambliss v. Matthews, 57 Miss. 306. When the Union Planters' National Bank & Trust Company purchased this note under the collateral agreement, it became the absolute owner thereof, and the Bank of Shelby lost the

right to set it off against its indebtedness to Giaccaglia. When the assignment of the deposit was made, it was not subject to this set-off, and the reacquirement of the note did not change that status.

The appellee's contention is that he, or the Bank of Shelby, at all times, had the right, notwithstanding the sale thereof, to withdraw this note ,from the Union Planters' National Bank & Trust Company, and therefore it remained, in effect, his or the Bank of Shelby's property. The evidence does not disclose the existence of any such right at the time the assignment of the deposit was made, but only that such a right was given the appellee by the Union Planters' National Bank & Trust Company some months after the date of the notice of that assignment.

The appellee's answer, after admitting that the Bank of Shelby was indebted to Giaccaglia on a general deposit, alleges facts which it states caused the deposit to become the property of the bank and not of Giaccaglia; but there was no evidence in support thereof, and we do not understand the brief of his counsel to so claim.

The decree of the court below will be reversed, and a decree will be rendered here in accordance with the prayer of the petition.

Reversed, and decree here for appellant.