PRUDENTIAL REALTY COMPANY *vs.* COMMISSIONER OF BANKS
*in re* PRUDENTIAL TRUST COMPANY.

Suffolk. March 7, 1922. — April 20, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Trust Company*, In liquidation. *Commissioner of Banks. Set-off.*

A debtor of a trust company, whose debt is fully secured by a mortgage, cannot require the commissioner of banks, in possession of the property and business of the trust company under G. L. c. 167, § 22, to set off against the debt *pro tanto* the amount of a deposit to his credit in the commercial department of the trust company in the absence of an agreement that the deposit should be subject to such application.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 24, 1921, seeking that the commissioner of banks, in possession of the property and business of the Prudential Trust Company, be ordered to grant to the plaintiff a set-off of a balance to its credit in the commercial department of the trust company against a mortgage debt owed by it to the trust company.

Material facts are described in the opinion.

The suit was reserved by *De Courcy*, J., upon the pleadings and an agreed statement of facts for determination by the full court.

*J. E. Hannigan*, for the defendant.

*H. R. Bygrave*, for the plaintiff, submitted a brief.

CARROLL, J. On March 29, 1920, the plaintiff borrowed from the Prudential Trust Company $40,000, secured by a third mortgage on its real estate. On September 10, 1920, the trust company was insolvent and was closed by the commissioner of banks. On that day the plaintiff had on deposit with the trust company a balance of $20,177.89 made up of rents collected from the mortgaged real estate. On November 2, 1920, the plaintiff demanded that its deposit should be set off *pro tanto* against its liability on the mortgage note and the set-off was allowed and entered on the books of the trust company by employees of the commissioner of banks, one of whom was also a stockholder and officer of both the Prudential Realty Company and the Prudential Trust Com-

pany. This was done without the knowledge of the commissioner of banks or of the liquidating agent. As soon as it came to the attention of the liquidating agent, it was revoked and disallowed and the corresponding entries on the books were cancelled. On March 29, 1921, when the mortgage note became due, the plaintiff again demanded that the deposit be set óff against its liability on the note. This was refused, and the commissioner of banks entered into possession of the real estate for the purpose of foreclosing the mortgage. Before the mortgage fell due the bank commissioner expended large sums out of funds in his hands in paying overdue taxes and interest on the principal of the prior mortgage, for the protection of the security. Thereafter the agent of the commissioner, with the assent of the stockholders of the plaintiff, sold the real estate; and the commissioner, with the assent of the stockholders but without prejudice to the rights of the plaintiff to assert any right of set-off, took a sufficient sum to satisfy the amount due on the mortgage and the suspense items without allowing said set-off, and caused the mortgage deed to be cancelled. There was a surplus after paying the mortgage and suspense account which was paid to the plaintiff. If the set-off is not allowed, the plaintiff will be entitled to dividends on the deposit in the regular course of liquidation. It claims that its deposit should be set off and the commissioner ordered to pay it the sum of $20,177.89. The position of the commissioner is that he was right in applying the security to the mortgage debt.

The trust company lent the money in question in reliance, not on the plaintiff's general deposit, but on the mortgage of its real estate. The debt was a secured indebtedness. By the allowance of the set-off, as claimed by the plaintiff, its deposit would be paid in full and it would be given a preference over the other creditors in liquidation of the insolvent trust company. The understanding of the parties was that the' mortgage became security for a particular debt; and in the absence of an agreement to the contrary, the general accounts between the parties were entirely outside that transaction and could neither increase nor diminish the amount of the debt secured. *Bird* v. *Gill*, 12 Gray, 60. In proceedings to foreclose a mortgage under our statutes, the amount to be ascertained is not what would be found due between the parties upon a general settlement of all debts, but

what is due on the mortgage sued on. *Bird* v. *Gill, supra.* *Mayhew* v. *Martha's Vineyard National Bank*, 203 Mass. 511, 515.

In ordinary circumstances a bank can apply the deposit of an insolvent debtor to the payment of its claims against him and it has a general lien on all of his securities it holds, for the amount of his general balance, unless they were delivered under a particular agreement limiting their application. *Clark* v. *Northampton National Bank*, 160 Mass. 26. *Wood* v. *Boylston National Bank*, 129 Mass. 358, 359, 360. Accordingly security pledged for one debt and not to secure the payment of other obligations cannot be held for other debts. *Hathaway* v. *Fall River National Bank*, 131 Mass. 14. And a bank has no right to apply a deposit of its debtor to the payment of its own matured indebtedness if this indebtedness is fully protected by collateral security. *Furber* v. *Dane*, 203 Mass. 108, 117.

The insolvent trust company held the mortgage as security for a special indebtedness, which indebtedness was fully secured by the mortgage. The deposit of the mortgagor could not therefore be applied in payment of the mortgage debt, and the commissioner could not apply the deposit to the payment of a debt which was fully protected by the security. *Furber* v. *Dane, supra.* *Brown* v. *New Bedford Institution for Savings*, 137 Mass. 262. Even if the trust company could apply the deposit in set-off to the plaintiff's liability on the mortgage note, the plaintiff could not, as of right, insist on this. In *National Mahaiwe Bank* v. *Peck*, 127 Mass. 298, one Benjamin, the maker of a note payable to the defendant at the plaintiff bank and indorsed by the defendant, had a banking account with the plaintiff. On February 15, 1876, the maturity of the note, the plaintiff held a note for $1,500 which it had discounted and which was signed by Benjamin as the maker. There was at this time the sum of $381.10 standing to the credit of Benjamin on the books of the bank, which the plaintiff applied on the $1,500 note. The defendant sought to have the deposit of Benjamin applied in part payment of the note in suit. It was held that neither the maker of the note nor the indorser had the right to insist that the balance of Benjamin's account should be applied to the settlement of the note in suit rather than to the other note signed by Benjamin and it was said by Gray, C.J., at page 301, "The bank, being the absolute

owner of the money deposited, and being a mere debtor to the depositor for his balance of account, holds no property in which the depositor has any title or right of which a surety on an independent debt from him to the bank can avail himself by way of subrogation. . . . The right of the bank to apply the balance of account to the satisfaction of such a debt is rather in the nature of a set-off, or of an application of payments, neither of which, in the absence of express agreement or appropriation, will be required by the law to be so made as to benefit the surety." *Furber* v. *Dane, supra,* page 118.

By allowing the set-off as claimed by the plaintiff, it would be preferred above the other creditors and its deposit paid in full. There would be no equity in such a proceeding. The commissioner was therefore right in refusing to set off the deposit. The bill cannot be maintained and it is dismissed.

*So ordered.*