COSMOPOLITAN TRUST COMPANY *vs.* JOHN H. LYONS & another.

Suffolk.    December 6, 1922. — February 28, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust Company,* In liquidation. *Commissioner of Banks. Evidence,* Materiality.

The payee of a negotiable promissory note indorsed and delivered it for value before maturity to a trust company. Five days before the note fell due, the commissioner of banks took possession of the property and business of the trust company, and two or three days later the indorser told one, who represented the commissioner of banks and had the same authority as the commissioner in the premises, that the maker of the note was not prepared to pay it, and, pursuant to an agreement then made, the indorser delivered to the representative of the commissioner on the date of the maturity of the note his check on the trust company for the face value of a balance then standing to his credit as a depositor at the trust company together with cash for the amount that the face of the note exceeded such balance and the commissioner's representative delivered to him a receipt signed in the name of the commissioner and stating that the amount of the balance was "set off" to apply against the amount of the note. Subsequently the commissioner credited the cash so received against the amount of the note and in the name of the trust company brought an action at law for the balance of the note against the maker, in which the judge ordered a verdict for the plaintiff. *Held,* that

(1) The arrangement between the commissioner's representative and the indorser afforded no defence to the maker;

(2) The liability of the maker was an asset of the trust company and the commissioner had no authority nor right, without a decree of the Supreme Judicial Court, to release it except for full value;

(3) The transactions between the indorser and the commissioner's representative did not constitute payment of the note;

(4) The indorser's check, having been drawn on an insolvent trust company whose affairs were in liquidation, could not constitute payment of the note;

(5) The form of receipt given by the commissioner's representative to the indorser was open to explanation and was not conclusive against the commissioner in the action upon the note;

(6) The defendant was not harmed by the admission in evidence of a letter from the representative of the commissioner to the indorser, dated twenty-nine days after the transaction above described, and reading as follows in substance: "We wish to call your attention to your note . . . due on October 5, 1920. As the signature on your note and that on the check given us as off-set does not agree, we cannot accept this check, but must ask you to make other arrangements for payment;"

(7) The verdict rightly was ordered.

CONTRACT against John H. Lyons and Victor Kaufman, makers of a promissory note for $3,906.44, dated July 17, 1920, due

October 1, 1920, payable to Jacob Swartz and by him indorsed to the plaintiff for value and before maturity. Writ dated April 11, 1921.

In the Superior Court, the action was tried before *Wait*, J. It appeared that the conversation of Swartz described in the opinion was with one McEwan described in the record as "an assistant commissioner of banks," and that the receipt given by him to Swartz referred to in the opinion read as follows:

"Oct. 1, 1920

Received from Jacob Swartz — — — — — — — — — — — — — — set off of 3906.44 to apply note No. 71764 — — — — — —Dollars due Oct. 1, 1920.

$3906.44                    Joseph C. Allen
                              Commissioner of Banks
                              in possession of the
                              Cosmopolitan Trust Company.
                                     W. W. M."

The letter of the "assistant bank examiner" to Swartz, referred to in the opinion, was dated October 28, 1920, and in substance read as follows:

"We wish to call your attention to your note . . . due on October 5, 1920. As the signature on your note and that on the check given us as off-set does not agree, we cannot accept this check, but must ask you to make other arrangements for payment."

Other material evidence is described in the opinion. At the close of the evidence, the defendant asked for rulings which, with the action of the trial judge thereon, were as follows:

"1. On all the evidence the jury must bring in a verdict for the defendants." Refused.

"2. The plaintiff was the legal owner of the note in question on October 1, 1920." Given.

"3. If the note in question was paid by the endorser, Jacob Swartz, on October 1, 1920, defendants are not liable in this action." Given.

"4. The endorser, Jacob Swartz, paid the note in question in full to the plaintiff on October 1, 1920." Refused.

"5. The bank commissioner, by his duly authorized agent, had the power, under G. L. c. 167, § 24, without application to

any court, to collect debts and claims belonging to the plaintiff, as well as to collect moneys due to the plaintiff." Refused.

"6. It is only where the Supreme Judicial. Court has decreed a debt to be bad or doubtful that the bank commissioner requires an order or decree to sell, compound or compromise it." Refused.

"7. The transaction in question of October 1, 1920, was not a sale, compound or compromise of a bad or doubtful debt, and did not require any authorization by any court." ·Refused.

"8. The bank commissioner, by his duly authorized agent, collected a debt or claim due the plaintiff on the note in question from Jacob Swartz, who was liable as endorser thereon to the plaintiff for the amount of said note, and in so doing it was not necessary for the bank commissioner to receive authority from any court." Refused.

"9. The endorser, Jacob Swartz, was a creditor of the plaintiff to the extent of $3,906.44, and he was a debtor of the plaintiff in the amount of the note, on October 1, 1920." Given.

"10. If, on October 1, 1920, the bank commissioner, by his duly authorized agent, saw fit to set off as against the said indebtedness of Swartz the amount for which he was a creditor of the plaintiff, he was not selling or compromising a bad or doubtful debt owed to the plaintiff." Refused.

"11. The legal effect of the payment of the note in question by the endorser, Jacob Swartz, is the same as if he had paid the agent of the bank commissioner, the full amount of the note in cash on October 1, 1920." Refused.

"12. The bank commissioner had authority under G. L. c. 167, and particularly under G. L. c. 167, § 24, to accept payment of the note in question from Jacob Swartz, an endorser on the note, in the manner in which his agent did accept the payment." Refused.

"13. The act of the bank commissioner in receiving cash in the sum of $1,093.56 and interest and the setting off of $3,906.44, which was on deposit to the credit of Jacob Swartz, to apply on the note in question, constituted a payment in full of the note by Jacob Swartz, and an acceptance of payment in full by the plaintiff." Refused.

"14. On all the evidence the jury should find that the bank commissioner, by his duly authorized agent, received and acknowledged payment in full of the note in question." Refused.

"15.  The bank commissioner, through his duly authorized agent, in receiving from Jacob Swartz, an endorser on the note, the sum of $1,093.56 and interest in cash and a check for $3,906.44 drawn on his account with the plaintiff, and applying the same toward full payment of the note for $5,000, did not sell or compound a bad or doubtful debt, and did not require an order or decree of the court under G. L. c. 167, § 24." Refused.

"16.  The payment by Jacob Swartz, an endorser on the note, of $1,093.56 and interest in cash, and the acceptance by the bank commissioner, by his duly authorized agent, of the sum of $3,906.44 by check drawn by Swartz against his account with the plaintiff, said sums totalling $5,000 with interest, the amount of the note, constituted payment in full of said note." Refused.

"17.  If bank commissioner had not taken possession of the property and business of the plaintiff on or before October 1, 1920, the plaintiff on that day would have had the right, even against the wishes of the endorser, Jacob Swartz, to apply the balance standing to his credit on its books, up to the amount of $5,000 and interest in part or whole payment of the note in question." Given.

"18.  The bank commissioner being in possession of the property and business of the plaintiff on October 1, 1920, had the same right that the bank would have had, if he were not in possession, to apply the balance standing on its books to the credit of the endorser, Jacob Swartz, up to $5,000 and interest, in part or whole payment of the note in question." Refused.

"19.  The right of the bank, and of the bank commissioner if he is in possession and control of the property and business of the plaintiff, toward applying a balance standing to the credit of a depositor, who is also the endorser on a matured note owned by it, is in the nature of a set off, or of an application of payment." Given.

"20.  The bank commissioner, by its duly authorized agent, had the right of election, on October 1, 1920, to apply the amount standing to the credit of the endorser, Jacob Swartz, to the satisfaction in part or in whole of the note in question." Refused.

"21.  The bank commissioner exercised his right of election and applied the sum of $3,906.44, which sum stood on the books of the plaintiff to the credit of the endorser, Jacob Swartz, toward payment of the note in question." Refused.

"22.  The bank commissioner, having exercised his right of election and having applied the sum of $3,906.44, which stood on the books of the plaintiff to the credit of the endorser, Jacob Swartz, toward the payment of the note in question, and having accepted in cash, from the said Swartz, the sum of $1,093.56 and interest, is estopped to make claim against the makers of the note in question."  Refused.

"23.  The legal rights of the defendants in this action are no different from what they would have been had the bank commissioner delivered the note in question to Jacob Swartz at the time of the transaction on October 1, 1920."  Given.

"24.  There is no evidence that the claim of the plaintiff on the note in question was a bad or doubtful debt."  Given.

"25.  The claim of the plaintiff on the note in question was not a bad or doubtful debt."  Refused.

"26.  The act of the agent of the bank commissioner in accepting the check for $3,906.44, and cash amounting to $1,093.56, and interest, was the act of the bank commissioner."  Given.

"27.  The agent of the bank commissioner, in accepting the check for $3,906.44, and cash amounting to $1,093.56, and interest, was within the authority conferred on him by the bank commissioner."  Given.

"28.  There is no evidence that the act of the agent of the bank commissioner in accepting the check for $3,906.44, and cash amounting to $1,093.56, and interest, was in violation of any authority conferred on the agent by the bank commissioner."  Given.

By order of the judge, the jury found for the plaintiff in the sum of $4,326.60; and the defendants alleged exceptions.

The case was submitted on briefs.

*A. M. Burroughs & J. F. Volk,* for the defendants.

*S. M. Child,* for the plaintiff.

Rugg, C.J.  This is an action of contract by the indorsee before maturity and holder for value of a negotiable promissory note against the makers.  The note fell due on October 1, 1920, and was payable to one Swartz, who indorsed it in blank.  The genuineness of all signatures was admitted or proved.  It was agreed that the commissioner of banks took possession of the plaintiff trust company on September 25, 1920, and had no authority on October 1, 1920, from any Justice of the Supreme Judicial Court

authorizing the compromise of any claims against the trust company, and that his representative had the same authority which the commissioner would have had concerning the transaction with Swartz now to be narrated. Swartz, the payee, testified that, in a conversation with the representative of the bank commissioner two or three days after possession had been taken, he called attention to the note, stated that the defendants as makers were not prepared to pay it and that he as indorser was going to take it up; that agreement was made whereby his account in the trust company at its face value was to be used toward payment of the note and the balance paid in cash; that, pursuant to this arrangement, on the due date of the note, he handed his check on the trust company for the face of his balance on deposit and cash for the amount due on the note above that balance, the representative of the commissioner saying that that would constitute payment of the note, which would be returned to him "in the usual time," and giving him a receipt acknowledging "set off of $3,906.44 to apply note . . . ," and that he had never received the check or the note from the plaintiff. This action is brought to recover the balance on the note after deducting the cash payment made by Swartz.

This record does not present questions which would arise in an action by the commissioner against Swartz as indorser, and with them we are not now concerned. The arrangement between Swartz and the commissioner does not afford a defence to the defendants as makers upon the facts here revealed.

The payee and indorser of the note, Swartz, did not have an absolute right to set off the balance to his credit as depositor in payment of the note. His liability on it was as indorser. The makers were primarily liable. The liability of the makers constituted a security for the indebtedness represented by the note in addition to the liability of Swartz as indorser. *Prudential Realty Co.* v. *Commissioner of Banks,* 241 Mass. 277. *Bachrach* v. *Commissioner of Banks,* 239 Mass. 272. That liability of the makers was an asset of the trust company. The commissioner of his own volition had no right to release it except for full value.

The conversation and that which was done between Swartz and the representative of the commissioner did not constitute payment of the note. The commissioner was a public officer having no

power except such as was conferred on him by law. Swartz knew that he was dealing with the representative of the commissioner. Therefore he was bound to take notice of the extent and limitations of the power of the commissioner as a public officer. *Boston Electric Co.* v. *Cambridge,* 163 Mass. 64, 68. *Simpson* v. *Marlborough,* 236 Mass. 210, 213.

The commissioner had no authority to compromise the note here in suit or to accept anything except cash or its equivalent in payment of it. He was not empowered gratuitously to extinguish liability of the makers of the note. G. L. c. 167, § 24.

The check of Swartz was drawn on an insolvent bank which was not meeting its obligations and whose affairs were in liquidation. Hence it could not constitute payment of the note. *Taylor* v. *Wilson,* 11 Met. 44, 51. *Bergman* v. *Granstein,* 235 Mass. 378, 380. *Feinberg* v. *Levine,* 237 Mass. 185.

The form of the receipt was such as to be open to explanation. It was not conclusive upon the commissioner. *Macdonald* v. *Dana,* 154 Mass. 152. *Hudson* v. *Baker,* 185 Mass. 122, 124. *Squires* v. *Amherst,* 145 Mass. 192, 194. *Way* v. *Greer,* 196 Mass. 237, 245. *Brouillard* v. *Stimpson,* 201 Mass. 236, 238.

The transaction between the commissioner and Swartz does not release the defendants from their obligation. *Barnett* v. *Rosen,* 235 Mass. 244, 248. *Rowland* v. *Hackel,* 243 Mass. 160.

The numerous requests for rulings made by the defendants and not granted were denied rightly either as unsound in law or as inapplicable to the evidence. The substantial rights of the defendants were not injuriously affected by the admission in evidence of the letter of the assistant bank examiner.

*Exceptions overruled.*