JAMES GOLDMAN *vs.* NOXON CHEMICAL PRODUCTS CO.

Suffolk.    January 12, 1931. — February 24, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Parties, Exceptions. *Assignment. Set-off,* Of judgment.

The power of a court to order a set-off of judgments does not rest upon statutes; it rests upon the common law and is to be exercised in accordance with general principles of justice and equity. Per RUGG, C.J.

At a time when the trial of an action was close at hand, the plaintiff made an assignment in writing of his claim to his attorney to secure him for his costs and services. A cross action by the defendant against the plaintiff for a much larger amount then was pending. The actions were tried together and each resulted in a verdict for the plaintiff. The defendant in the original action thereupon filed a motion to set off the judgment to be entered therein against the judgment to be entered in the cross action. The motion was allowed except as to taxable costs in the original action. The assignee, who had not sought to intervene as a party or claimant or to be allowed to prosecute the original action in the plaintiff's name for his own interest, alleged an exception in his own name. *Held,* that

(1) The assignee was not entitled to prosecute the exception in his own name;

(2) Furthermore, there was no error in the allowance of the motion: justice and equity required its allowance in the circumstances, and the assignee was not entitled to a lien for his fees and disbursements as against the defendant's right of set-off;

(3) The exception was overruled.

CONTRACT.    Writ dated October 30, 1929.

The action was tried in the Superior Court before *Lummus,* J., with an action by the defendant against the plaintiff and Lillian Goldman. There was a verdict for the plaintiff in the original action in the sum of $1,340.70. There was

a verdict for the plaintiff against each defendant in the cross action in the sum of $13,753.28. The circumstances of a motion by the defendant in the original action to set off the judgment therein against the judgment in the cross action are described in the opinion. The motion was allowed, and Harold A. Leventhal, as assignee of James Goldman, alleged exceptions.

*H. A. Leventhal & C. D. Raphael,* for the plaintiff, submitted a brief.

*R. T. Bushnell,* for the defendant.

RUGG, C.J. This action of contract was begun on October 30, 1929. It was brought to recover commissions earned by the plaintiff as selling agent for the defendant. It resulted in a verdict for the plaintiff for $1,340.70. It was tried with a cross action, begun on February 17, 1930, by the defendant against the plaintiff and one Lillian Goldman in which separate verdicts were rendered against each defendant therein for $13,753.28. This cross action was brought to recover for money received by said selling agent and his wife from the sale of goods of the corporation and not accounted for. The verdicts were rendered on July 10, 1930, and the cases have not yet gone to judgment. It was apparent to everyone connected with the cases as early as March 1, 1930, that the corporation would doubtless seek a set-off in some form. There was no oral assignment by the plaintiff to his attorney, Mr. Leventhal, and no oral creation of a lien upon the cause of action. On July 3, 1930, when the cases were on the short list and trial was close at hand, the plaintiff gave to Mr. Leventhal a written assignment of his cause of action in the present action and the proceeds thereof to secure him for his costs expended in this action and for his charges for services in both actions. It was recited in the assignment that the attorney had requested from the plaintiff a retainer on account of his fee for services to be rendered in the two actions before proceeding with the trials, which retainer the plaintiff was unable to pay. The trial judge found that this assignment was made in good faith, so far as it could be so made in view of the other

facts, and for a valuable consideration. The defendant filed a motion in the case at bar on July 16, 1930, seeking to set off the judgment to be rendered in this action on the verdict for the plaintiff against the judgment to be rendered in its favor in the cross action on the much larger verdict against James Goldman, the present plaintiff. Harold A. Leventhal, the attorney for the plaintiff James Goldman, opposed the allowance of this motion.

The motion for set-off of judgments was allowed except as to taxable costs in the case at bar. The trial judge ruled that the assignment to Mr. Leventhal constituted no legal bar to the allowance in his discretion of the motion for set-off of judgments. Then follows the statement that Harold A. Leventhal, the assignee of the plaintiff, being aggrieved by this ruling and by the allowance of the motion to set off judgments, duly claimed exceptions and prays that his exceptions be allowed. The exceptions in this form were allowed.

Thus it appears that the one who saved the exceptions and asked for their allowance was Harold A. Leventhal. He seems to be prosecuting the exceptions in his own name. He was not a party to the action. Since the assignment under which he claims was executed subsequently to the institution of the action, he could not have brought the action in his own name. He does not come within the sweep of G. L. c. 231, § 5. He is not seeking on this record to prosecute for his benefit the action brought by and in the name of James Goldman. There is nothing on this record to indicate that he petitioned to be admitted as a party in interest or filed proper papers and motion that he be allowed to prosecute the case in the name of the plaintiff for his own interest or that he was allowed to intervene as claimant to the fund. *Kelly* v. *Greany,* 216 Mass. 296. *Heard* v. *Calkins,* 234 Mass. 526, 530. *Rogers* v. *Murch,* 253 Mass. 467. *Christensen* v. *Bremer,* 263 Mass. 129, 133. Therefore he was in no position to take in his own name and to prosecute exceptions to the rulings of the judge. This point is taken by the defendant and cannot be overlooked.

If, however, the exceptions be considered on their merits the practical result would be the same, and there seems to be no objection to stating the grounds of substantive law supporting that conclusion. *Commonwealth* v. *McNary*, 246 Mass. 46, 48.

The power of the court to order a set-off of judgments does not rest upon statutes; it rests upon the common law and is to be exercised in accordance with general principles of justice and equity. *Makepeace* v. *Coates*, 8 Mass. 451. *Franks* v. *Edinberg*, 185 Mass. 49, 51. *Jump* v. *Leon*, 192 Mass. 511, 517. *Old Colony Trust Co.* v. *National Non-Theatrical Motion Picture Bureau, Inc., ante,* 377. It is a general principle governing the rights of an assignee of a chose in action that the assignee ought to be in as good but in no better position than his assignor would have been in without the assignment, and that the debtor ought to be in no worse position than if his original creditor were seeking to enforce his claim in his own right. *Greene* v. *Hatch*, 12 Mass. 195, 198. *Lewis* v. *Club Realty Co.* 264 Mass. 588, 591. Commonly the assignee of a claim must take it subject to any existing right of set-off. *Greene* v. *Hatch*, 12 Mass. 195. *Cromwell* v. *Parsons*, 219 Mass. 299, 301. *Adams* v. *Grundy & Co. Inc.* 256 Mass. 246, 249.

Every consideration of justice and fair dealing seemed to the trial judge to require recognition of the right of set-off of judgments in the case at bar. In this there was no error in law. The defendant has a large claim against the plaintiff for breaches of its contract with him. It has become established by verdict. The plaintiff has a comparatively small claim against the defendant which also has become established by verdict. The cases were tried together. The assignment was made on the eve of trial with full knowledge of all the facts by assignor and assignee. From the recitals in the assignment by the plaintiff it seems fairly inferable that the defendant will not be able to collect its judgment against the plaintiff. The court is not prevented by any statutes from doing what manifest justice requires.

The contention that the attorney for the plaintiff is entitled as against the defendant's right of set-off to a lien upon the judgment for his fees and disbursements is without foundation. *Ocean Ins. Co.* v. *Rider,* 22 Pick. 210. *Blake* v. *Corcoran,* 211 Mass. 406, 407, and cases cited. *Old Colony Trust Co.* v. *National Non-Theatrical Motion Picture Bureau, Inc., ante,* 377, 380. The attorney has upon the facts found no such agreement as was under consideration in *Delval* v. *Gagnon,* 213 Mass. 203. There is nothing inconsistent with this result in *Bruce* v. *Anderson,* 176 Mass. 161, or *Dwyer* v. *Ells,* 208 Mass. 195. Allowance was made to the attorney for all that he was entitled to under G. L. c. 221, § 50, under the cases cited.

In view of the settled law of this Commonwealth, it is unnecessary to consider decisions from other jurisdictions on which reliance is placed.

*Exceptions overruled.*