FEDERAL RESERVE BANK OF BOSTON *vs.* GRAY-UNITED
STORES INC.

Suffolk. November 16, 1934. — February 28, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Bills and Notes,* Holder in due course. *Set-off.*

A bank which lent money to a trust company, receiving as collateral
security a negotiable note of a corporation payable to the trust com-
pany and not yet due, which the trust company had indorsed in
blank, was a holder in due course of such note to the extent of the
debt owed the bank by the trust company, notwithstanding that at
the maturity of the note the corporation had a substantial deposit
with the trust company, which had gone into the possession of the
commissioner of banks, and would have had the right to set off the
amount of such deposit against its obligation on the note if the trust
company had then been the holder of the note; the corporation had
no right of set-off against the bank, which was entitled to recover
from the corporation the full amount of the note, it being less than
the amount of the trust company's debt to the bank.

CONTRACT. Writ in the Municipal Court of the City of
Boston dated June 2, 1933.

Upon removal to the Superior Court, the action was tried
before *F. T. Hammond,* J. The pleadings and material
evidence are described in the opinion. By order of the judge,
verdicts were returned for the plaintiff on the declaration
in the sum of $144,993.34, and for it as defendant in the decla-
ration in set-off. The defendant alleged exceptions.

*H. F. R. Dolan,* (*D. M. Kelley* with him,) for the defendant.
*J. T. Noonan,* (*N. Morss* with him,) for the plaintiff.

LUMMUS, J. The defendant made three promissory notes
to the order of Exchange Trust Company, two for $50,000
each and one for $30,000, dated February 12, 1932, and
payable in ninety days. On April 12 and April 20, 1932,
before maturity of the notes, Exchange Trust Company
borrowed large sums of money from the plaintiff, giving
promissory notes therefor, and as collateral security for

such notes indorsed in blank the three notes made by the defendant, and delivered them to the plaintiff. The Exchange Trust Company still owes the plaintiff nearly $200,000 on said loans.

On April 12, 1932, the defendant, having sold its entire assets and having received $105,000 in part payment, deposited the entire amount to its credit in Exchange Trust Company, telling one of the officers of the latter that the defendant had made the deposit "with the object of applying a good portion of that amount against the defendant's said notes when due on May 12, 1932." The defendant continued to draw checks upon its account in Exchange Trust Company, as it remained free to do. When Exchange Trust Company closed its doors and went into the possession of the commissioner of banks, on April 25, 1932, the balance to the credit of the defendant in its account was $82,973.02.

The defendant, in this action upon the notes made by it, declared in set-off for that balance of $82,973.02. The judge directed a verdict for the plaintiff bank upon the notes, and a verdict for the plaintiff bank upon the defendant's declaration in set-off. The defendant alleged exceptions.

The plaintiff was a holder in due course, within G. L. (Ter. Ed.) c. 107, § 75, to the extent of its lien (G. L. [Ter. Ed.] c. 107, § 50), which exceeds the amount of the defendant's liability. The right which the defendant would have had to set off its deposit against its obligation on the notes, if Exchange Trust Company had held the notes at their maturity (*Rossi Bros. Inc.* v. *Commissioner of Banks*, 283 Mass. 114, 119), did not, even if all the facts were known to the plaintiff, constitute any "infirmity in the instrument or defect in the title" of Exchange Trust Company which made the plaintiff other than a "holder in due course" within G. L. (Ter. Ed.) c. 107, § 75. There was no agreement for a set-off. The defendant had a right to withdraw its entire deposit, leaving nothing to be set off. If the instruments had been made subject to a condition that they might be discharged by a set-off, in-

stead of by the payment of money, they could not have been negotiable notes. G. L. (Ter. Ed.) c. 107, § 23, cl. 2. *American Exchange Bank* v. *Blanchard,* 7 Allen, 333. *Taylor* v. *Curry,* 109 Mass. 36. *Central National Bank* v. *Hubbel,* 258 Mass. 124. One purpose of making a note negotiable is to enable an indorsee to take it before maturity without concerning himself with the state of the accounts between the maker and the payee, either at the time of transfer or at the subsequent time of maturity. The defendant has no right of set-off. *Ranger* v. *Cary,* 1 Met. 369, 376. *Barker* v. *Parker,* 10 Gray, 339. *Barker* v. *Valentine,* 10 Gray, 341. *Breen* v. *Seward,* 11 Gray, 118. *De Reiset* v. *Loughery,* 205 Mass. 86. *Manufacturers' Finance Corp.* v. *Vye-Neill Co.* 62 Fed. Rep. (2d) 625, 630. *First National Bank of Grafton* v. *Danser,* 70 W. Va. 529. See also *Cosmopolitan Trust Co.* v. *Rosenbush,* 239 Mass. 305; *Beacon Trust Co.* v. *Ryder,* 273 Mass. 573; *Sowell* v. *Federal Reserve Bank of Dallas,* 268 U. S. 449.

This case is not governed by decisions holding that a transfer of an overdue note cannot affect existing rights of set-off held by the maker against the payee. *Sargent* v. *Southgate,* 5 Pick. 312. *Baxter* v. *Little,* 6 Met. 7. *Backus* v. *Spaulding,* 129 Mass. 234, 236, 237. 1 Ames, Cases on Bills and Notes, 759, note. Compare *Manufacturers' Finance Corp.* v. *Vye-Neill Co.* 62 Fed. Rep. (2d) 625, 630. Neither is it governed by cases dealing with nonnegotiable choses in action, which an assignee commonly takes subject to any existing right of set-off. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, 529. *Spaulding* v. *Backus,* 122 Mass. 553, 555. *Backus* v. *Spaulding,* 129 Mass. 234, 236.

*Exceptions overruled.*