COMMISSIONER OF BANKS *vs.* T. C. LEE & CO., INC. & another.

SAME *vs.* T. C. LEE & CO., INC. & another.

SAME *vs.* T. C. LEE & CO., INC. & another.

INMAN TRUST COMPANY *vs.* THE FEDERAL IRON WORKS INC. & another.

Middlesex.    December 7, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Set-off. Trust Company,* In liquidation. *Bills and Notes,* Indorser. *Evidence,* Presumptions and burden of proof.

The right of a depositor in the commercial department of a trust company in the possession of the commissioner of banks for liquidation to set off the amount of his deposit against the amount of his liability on a promissory note held by that department is not affected by the insolvency of the trust company or by the fact that the note was not due at the time when the commissioner took possession.

In general, claims by and against a trust company in the possession of the commissioner of banks for liquidation are adjusted as of the time when he took possession.

In an action by a trust company in the possession of the commissioner of banks for liquidation against the maker and an indorser of a promissory note held by the commercial department, the right of the indorser to set off the amount of a deposit of his in that department against the amount of his liability on the note was not barred by G. L. (Ter. Ed.) c. 232, § 3, because the liability of the defendants was several, not joint, even though one action against both was permitted by statute.

In such an action, the indorser was entitled to such set-off where it appeared that the maker was insolvent and that the indorser had no security against his secondary liability on the note other than his right over against the maker; and in another such action the indorser was entitled to the set-off where it was not affirmatively shown that the maker was solvent or that the indorser otherwise had security against his liability on the note.

If there be a presumption of solvency, it was not controlling as a matter of law with respect to a corporation, maker of a promissory note for $1,000, which suffered itself to be sued on the note when it was several months overdue and which did not appear to have any ground of defence thereto.

FOUR ACTIONS OF CONTRACT. Writs in the first three actions, in the District Court of Lowell, dated January 21 1933, and in the fourth action, in the Third District Court of Eastern Middlesex, dated August 15, 1932.

The first three actions were heard together in the District Court by *Hill*, J. The fourth action was heard in the District Court by *Stone*, J. In each action, the trial judge and the Appellate Division for the Northern District on report ruled that the defendant indorser was entitled to a set-off, and the plaintiff appealed from the order of the Appellate Division. Material facts are stated in the opinion.

*J. E. Hannigan*, for the plaintiffs.

*T. M. A. Higgins*, for the defendant T. C. Lee & Co., Inc.

*L. S. Hamburger*, for the defendant Rich.

RUGG, C.J. Each of these cases is an action of contract against the maker and indorser of a promissory note. The commissioner of banks took possession of the Lowell Trust Company on December 16, 1931, for the purpose of liquidation under the statutes. On that date the defendant T. C. Lee & Co., Inc., had a deposit in the commercial department of the trust company amounting to $2,138.72. On that date the trust company in its commercial department was the owner of three notes each indorsed by T. C. Lee & Co., Inc., aggregating $2,138.72, and each payable on a date after December 16, 1931. On that date the maker of each of these notes was insolvent and one of them has since been adjudicated a bankrupt. Nothing has been paid on any of the three notes.

The fourth action is brought in the name of the Inman Trust Company by the commissioner of banks in possession of that company for purposes of liquidation under the statute on a note for $1,000 held in the commercial department against both maker and indorser. The evidence in this case as to the points now in issue was agreed on by

counsel before the trial judge. *Frati* v. *Jannini*, 226 Mass. 430. When that trust company was closed, the maker had a small deposit, and the indorser a deposit in excess of the balance due on the note after deducting the deposit of the maker, in the commercial department. The only difference between this and the other three actions is that in this there is no finding and no evidence as to the solvency or insolvency of the maker of the note. In each action the indorser alone defends and has filed a declaration in set-off for the amount of his deposit.

The defendant in the first three cases contends that the plaintiff failed to comply with Rule 27 of the District Courts (1932). That question is not properly raised on the record, does not appear to have been presented hitherto, and need not be considered. See *Almeida* v. *Alsdorf, ante* 115.

The main question in each case is whether an indorser of a negotiable instrument held in the commercial department of a trust company in process of liquidation under the statute can set off his deposit in the commercial department of such trust company against his liability as indorser where the note had not become due on the date when the trust company was closed, where on that date the maker was either insolvent or not affirmatively shown to be solvent, and where the indorser has no other security against his liability. The trust companies involved in these cases were closed before St. 1932, c. 295, became effective. Therefore the provisions of G. L. (Ter. Ed.) c. 232, as to set-off, are applicable. That chapter in general permits a set-off in cases like the present. The circumstance that the trust companies are insolvent makes no difference on this point. The fact that the notes did not mature until after the trust companies went into liquidation does not prevent a set-off. The deposit was due at that time. In general, the rights of parties are adjusted as of the date when the commissioner took possession of the trust company for purposes of liquidation. *Gerold* v. *Cosmopolitan Trust Co.* 245 Mass. 259, 262. *Commissioner of Banks* v. *Hanover Trust Co.* 247 Mass. 347, 349. This point is covered by the decision in *Rossi Bros. Inc.* v. *Commissioner of Banks*, 283 Mass. 114. See also *Cosmopolitan*

*Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530, 534. The limiting provisions of § 3 of that chapter to the effect that, if there are several plaintiffs or defendants, the claim set off shall be due from all the plaintiffs jointly and to all the defendants jointly are not controlling in a single action by the holder against a maker and indorser of a promissory note. The reason is that the maker and indorser are not jointly liable on the note although a joint action against both is permissible by statute. The holder may sue the maker, or the indorser, or both. The nature of the liability of each is several and will be preserved even in a joint action so far as necessary to do justice. Set-off is available in appropriate instances to either maker or indorser. *Rossi Bros. Inc.* v. *Commissioner of Banks*, 283 Mass. 114, 120. G. L. (Ter. Ed.) c. 231, § 4.

The precise question here presented has not been decided in this Commonwealth. Somewhat analogous cases have arisen. In *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272, 273, it was stated: "In ordinary commercial banks the legal relation between the bank and a general depositor is that of debtor and creditor; and where the depositor owes the bank he may set off his deposit against the indebtedness, even though the bank has become insolvent." In *Rossi Bros. Inc.* v. *Commissioner of Banks*, 283 Mass. 114, a set-off of its deposit in the commercial department of a closed trust company was allowed in favor of the maker of notes maturing after the closing of the bank and held by its commercial department, where the maker was a party to the litigation. It is equally well established that, in such an action against the maker, an indorser cannot appear and demand a set-off of his deposit against the maker's liability. *Cosmopolitan Trust Co.* v. *S. Vorenberg Co.* 245 Mass. 317. This is true even where the indorser concedes his own liability. If the holder looks to the maker for payment, the indorser cannot secure preferred treatment over the other general creditors of the bank by obtaining a set-off of his deposit against the liability of the maker. *Cosmopolitan Trust Co.* v. *Lyons*, 244 Mass. 115.

In the first three of the cases at bar, the maker of the

notes is insolvent and the plaintiff is proceeding directly against the indorser although joining the maker as a defendant. The principle of *Rossi Bros. Inc.* v. *Commissioner of Banks*, 283 Mass. 114, is controlling. No sound distinction can be drawn in the circumstances here disclosed between the position of the maker as defendant and that of an indorser as defendant. Each is entitled to set off his deposit against the claim of the plaintiff made against him individually. The fact that the liability of both maker and indorser is being enforced by a single action makes no difference; they are not jointly liable; the responsibility of each is several. The principle of set-off is equally available in appropriate instances. This is but a logical extension of our previous decisions and in accord with our statutes. There seems no reason to deny this right unless an indorser may recover from a financially responsible maker and thus gain a preference as to his deposit over other general depositors in the closed trust company, or unless otherwise such set-off may be inequitable because of other special conditions. The conclusion that an indorser may set off his deposit in a closed bank when sued on his liability, provided the maker is insolvent, is supported by the great weight of authority. *Lippitt* v. *Thames Loan & Trust Co.* 88 Conn. 185. *Bank of United States* v. *Braveman*, 259 N. Y. 65. *Shannon* v. *Sutherland*, 74 Fed. Rep. (2d) (C. C. A.) 530. *Yardley* v. *Clothier*, 51 Fed. Rep. (C. C. A.) 506. *Davis* v. *Industrial Manuf. Co.* 114 N. C. 321. *Edmondson* v. *Thomasson*, 112 Va. 326. *Ex parte Rice*, 161 S. C. 77, 79. *Knaffle* v. *Knoxville Banking & Trust Co.* 128 Tenn. 181, 187. *New Farmers' Bank's Trustee* v. *Young*, 100 Ky. 683. *Knaffl* v. *Knoxville Banking & Trust Co.* 130 Tenn. 336, 340.

The solvency of the maker is a decisive and essential factor against the right of the indorser to claim a set-off. The reason is this: The maker is primarily liable, and the indorser secondarily liable, on the note; payment of the note by one secondarily liable does not discharge the obligation of the maker; if the maker is solvent, the indorser will be indemnified by him for any loss sustained on ac-

count of such secondary liability; G. L. (Ter. Ed.) c. 107, § 74; *Pinney* v. *McGregory*, 102 Mass. 186, 193; if the indorser is also allowed to set off his deposit in the bank against his liability as indorser, he will receive to that extent full payment for his deposit to the detriment of the general creditors. That would be inequitable. The principle was succinctly stated in *Lippitt* v. *Thames Loan & Trust Co.* 88 Conn. 185, at page 200, in these words: "An indorser upon a note before insolvency may, after insolvency, set off his deposit in a bank against the bank's demand upon him under his indorsement of the note, provided the maker of the note is not able to pay and the indorser has not been indemnified against loss." *Shannon* v. *Sutherland*, 74 Fed. Rep. (2d) (C. C. A.) 530. *Bank of United States* v. *Braveman*, 259 N. Y. 65. *Edmondson* v. *Thomasson*, 112 Va. 326. This is somewhat analogous to the principle on which *Prudential Realty Co.* v. *Commissioner of Banks*, 241 Mass. 277, was decided. It was there held that a debtor of a closed trust company whose indebtedness was fully secured by a mortgage was not entitled to set off against his debt a deposit in the commercial department.

The fourth case raises a slightly different question from that in the other three cases, because in it there was no direct evidence and no express finding whether the maker of the note was solvent or insolvent. The record is silent on that subject. No request was made as to the burden of proof on that point. Therefore it is not open. No answer was filed to the declaration in set-off. G. L. (Ter. Ed.) c. 232, § 8. *Barnstable Savings Bank* v. *Snow*, 128 Mass. 512, 513. The underlying principle is that the relation between a commercial bank and its general depositor is that of debtor and creditor, and that in general set-off in favor of the depositor exists under the statute in an action at law brought against him by or in behalf of the insolvent bank. That underlying principle is applicable unless special circumstances appear which call a different principle into operation. Such special circumstances arise when the debtor seeking to establish a set-off against an insolvent bank has security which would make it inequitable for him to receive

payment of his deposit in whole or in part by way of set-off out of assets held for the benefit of general creditors. Such security may be in the form of the right of action accruing to an indorser who pays a note against a solvent maker primarily liable on such note. The special circumstances must be made to appear. Otherwise, the general principle as to set-off is applicable. No such special circumstances were made to appear in the fourth case. Therefore the general principle of set-off in favor of the indorser prevails. *Rossi Bros. Inc.* v. *Commissioner of Banks,* 283 Mass. 114. Stray expressions are to be found in opinions to the effect that there is a presumption of solvency. *Sherman* v. *Smith,* 185 Iowa, 654, 667. *O'Connor* v. *Gifford,* 117 N. Y. 275, 279. *Rodgers* v. *Rodgers,* 186 App. Div. (N. Y.) 77, 80. *Rogers* v. *Ogden Building & Savings Association,* 30 Utah, 188, 201. Such presumption hardly can be controlling as matter of law in this case, where the corporate maker of the note has suffered itself to be sued on a note of $1,000 several months overdue as to which the record discloses no possible ground of defence. *Beacon Trust Co.* v. *Wright,* 288 Mass. 1, 6.

In each case the entry may be

*Order of Appellate Division affirmed.*