FRANK M. FORASTIERE *vs.* SPRINGFIELD INSTITUTION FOR
SAVINGS.

Hampden. September 23, 1937. — April 25, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Set-off. Bank and Banking. Evidence,* Presumptions and burden of
proof.

Assuming that the rule that, where a debt from a depositor in a com-
mercial bank to the bank is secured, the bank may resort to a set-off
of the deposit for a balance remaining due on the debt after applica-
tion of the security, applied to the case of a debtor-depositor in a
savings bank, the savings bank in defence to an action by an assignee
of the debtor-depositor had the burden of establishing that the se-
curity was inadequate; failing which, there could be no set-off.

CONTRACT. Writ in the Superior Court dated October
4, 1934.

There was a finding by *Burns,* J., for the plaintiff in the
sum of $1,082.63; and, on the declaration in set-off, for
the plaintiff, defendant in set-off. The defendant alleged
exceptions.

The case was submitted on briefs at the sitting of the
court in September, 1937, to *Field, Donahue, Lummus,* &
*Qua,* JJ., and afterwards was submitted on briefs to all
the Justices.

*J. H. Jones, J. H. Mitchell,* & *J. B. Nason,* for the
defendant.

*N. M. Harvey, J. H. Mulcare,* & *V. P. Pessolano,* for the
plaintiff.

LUMMUS, J. One Gamari and his wife had a joint deposit
in the defendant bank, amounting to $935.99, represented
by the usual savings bank book. He and his wife owed the
defendant bank $3,800 upon a joint and several note dated
September 4, 1908, payable on demand to the defendant
at its banking house, and secured by a mortgage of real
estate. The note was due immediately, without actual

demand. *Farmers National Bank of Annapolis* v. *Venner*, 192 Mass. 531, 534, 535. *Goodfellow* v. *Farnham*, 239 Mass. 590, 591. His wife died, leaving him the sole owner of the deposit, and individually liable upon the note. *New Haven & Northampton Co.* v. *Hayden*, 119 Mass. 361, 365. G. L. (Ter. Ed.) c. 197, § 8. He owed the plaintiff, an undertaker, for a casket and funeral services. On October 3, 1934, Gamari delivered to the plaintiff the savings bank book, with an order for the payment to the plaintiff of all money on account of the book, and an assignment under seal of the same to the plaintiff, "in payment of the plaintiff's claim." On October 4, 1934, the plaintiff presented the book, the order and the assignment to the defendant for payment. A teller stamped the order paid, but after consultation with the treasurer, the stamp was cancelled, and the treasurer told the plaintiff that "We have no open account in the name of Gamari." Until that time, Gamari was not in arrears in the payment of interest, no demand for payment had been made upon him, and nothing had been done towards setting off the deposit against the note. Later on the same day the defendant prepared and mailed to Gamari a letter stating that on that day it had set off the deposit against the note. The mortgage has since been foreclosed; but it did not appear how fully the note was secured by the mortgage, or whether enough was realized to discharge the note.

In this action to recover the amount of the deposit, the defendant relied in defence of the action on the set-off made as has been stated. The judge, sitting without jury, found for the plaintiff. The defendant filed a declaration in set-off, alleging that the plaintiff's assignor owed it the balance of the note amounting to $3,800. G. L. (Ter. Ed.) c. 232, § 11. The judge found for the plaintiff upon the defendant's declaration in set-off. The defendant excepted to the refusal of six requested rulings.

An assignee of an ordinary non-negotiable chose in action takes it subject to any existing right of set-off that the debtor may have. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, 529. *Federal Reserve Bank of Boston* v.

*Gray-United Stores Inc.* 290 Mass. 77, 79. *Spaulding* v. *Backus,* 122 Mass. 553, 555. Am. Law Inst. Restatement: Contracts, § 167. This is plainly implied in G. L. (Ter. Ed.) c. 232, § 4. Likewise in G. L. (Ter. Ed.) c. 231, § 5, it is provided: "The assignee of a non-negotiable legal chose in action which has been assigned in writing may maintain an action thereon in his own name, but subject to all defences and rights of counterclaim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor."

Questions of set-off have often arisen between a commercial bank and a depositor. "It is well settled that funds on general deposit in a bank are the absolute property of the bank, that the relation between the parties is that of debtor and creditor, and that the bank is entitled to apply the balance of the account due the depositor to the satisfaction of a debt due the bank from the depositor." *Laighton* v. *Brookline Trust Co.* 225 Mass. 458, 459, 460. *National Mahaiwe Bank* v. *Peck,* 127 Mass. 298. *Prudential Realty Co.* v. *Commissioner of Banks,* 241 Mass. 277, 279. *Howard* v. *Barnstable County National Bank of Hyannis,* 291 Mass. 131, 138. *Harding* v. *Broadway National Bank of Chelsea,* 294 Mass. 13, 18. (See also *Francis & Badger Motor Co., petitioner,* 297 Mass. 366.) *Studley* v. *Boylston National Bank,* 229 U. S. 523. Conversely, the depositor ordinarily has a right to set off his deposit against his debt to the bank. *Rossi Bros. Inc.* v. *Commissioner of Banks,* 283 Mass. 114. *Commissioner of Banks* v. *T. C. Lee & Co. Inc.* 291 Mass. 191. *Friedman* v. *Commissioner of Banks,* 291 Mass. 108. But where either the deposit or the debt due the bank has taken the form of a negotiable instrument and has passed into the hands of a holder in due course, set-off can no longer be allowed. *Federal Reserve Bank of Boston* v. *Gray-United Stores Inc.* 290 Mass. 77. *Gordon* v. *Fifth Avenue Bank of Pittsburgh,* 308 Penn. St. 323. One purpose of negotiability is to enable one to take an instrument in due course without concerning himself with the state of the accounts between the original parties. *Federal Reserve Bank of Boston* v. *Gray-United Stores Inc.* 290 Mass. 77, 79.

The right of a bank to set off a deposit "may be changed or eliminated by a contract between bank and customer." *Boston-Continental National Bank* v. *Hub Fruit Co.* 285 Mass. 187, 190. *Harding* v. *Broadway National Bank of Chelsea*, 294 Mass. 13, 18. It has been held that where the debt from the depositor to the bank is a secured one, a contract is implied that the bank may resort to a set-off of a deposit only for any balance of the debt beyond the value of the security. *Furber* v. *Dane*, 203 Mass. 108, 117. *Prudential Realty Co.* v. *Commissioner of Banks*, 241 Mass. 277, 279. That is the settled law of this Commonwealth, even though it may seem inconsistent with the principle that a secured creditor may ordinarily pursue all his remedies until he receives satisfaction. *Broadway National Bank of Chelsea* v. *Hayward*, 285 Mass. 459, 463. *Silverstein* v. *Saster*, 285 Mass. 453, 458. *Draper* v. *Mann*, 117 Mass. 439, 441. *Mayo* v. *Fitchburg & Leominster Street Railway*, 269 Mass. 118, 122. *Killoren* v. *Hernan*, ante, 93. *Kress* v. *Central Trust Co. of Rochester*, 153 Misc. (N. Y.) 397. *Harper* v. *First State Bank of Grand Prairie*, 3 S. W. (2d) 552 (Texas Civ. App.). *Mitchell* v. *Dreher*, 150 S. C. 125, 129.

Assuming that the rules as to set-off of deposits in commercial banks apply to the present case, where as in this case the existence of security for the debt of the depositor to the bank appears, the burden is upon the bank to prove its right to set-off, and as an incident of that burden to show that the security was inadequate. Compare *Commissioner of Banks* v. *T. C. Lee & Co. Inc.* 291 Mass. 191, 196, 197. In the present case that burden was not sustained.

G. L. (Ter. Ed.) c. 107, § 110, if applicable to a savings bank, does not authorize a bank to pay for the account of the maker a note payable at the bank, by means of a set-off made in violation of the doctrine of *Furber* v. *Dane*, 203 Mass. 108, 117. See *Brown* v. *First National Bank of Boston*, 216 Mass. 298, 301, 302; *Nineteenth Ward Bank* v. *First National Bank of South Weymouth*, 184 Mass. 49, 51. The defendant has shown no right of set-off, and its requested rulings are immaterial.

This result makes it unnecessary to decide in this case whether the right of set-off applicable in the case of a deposit in a commercial bank extends to a deposit in a savings bank, which in some respects is an interest in a trust fund rather than an absolute debt (*Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen, 428, 434; *Lewis* v. *Lynn Institution for Savings*, 148 Mass. 235; *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272, 274; compare *Pursiful* v. *First State Bank of Pineville*, 251 Ky. 498), and is represented by a book which is more than mere evidence of indebtedness and has many of the qualities of a chattel constituting the key to the deposit. *J. S. Lang Engineering Co.* v. *Commonwealth*, 231 Mass. 367, 370 *et seq.* *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69, 75, 76. *Taft* v. *Bowker*, 132 Mass. 277. *Webber* v. *Cambridgeport Savings Bank*, 186 Mass. 314. But a savings bank book falls short of being a negotiable instrument. *Commonwealth* v. *Reading Savings Bank*, 133 Mass. 16, 23. *Brogna* v. *Commissioner of Banks*, 248 Mass. 241, 243. *McCaskill* v. *Connecticut Savings Bank*, 60 Conn. 300. *Witte* v. *Vincenot*, 43 Cal. 325.

*Exceptions overruled.*