Briggs, J.
This is an action of contract for money loaned by the plaintiff to the defendant. The answer was a general denial, and that the defendant delivered certain securities to the plaintiff; that he offered to redeem them and to repay the said loan; that these securities were worth more than the loan, and that the plaintiff refused to deliver said securities or to accept repayment of the loan.
Whether or not the defence of accord and satisfaction was properly pleaded and open to the defendant appears not to have been questioned. The issues here involved bear upon it.
The report discloses evidence and the Court found that the plaintiff loaned two hundred dollars to the defendant as alleged, and took from him at the same time a writing in Polish signed by him, which translated reads as follows:— “January 3, 1938. I Antoni Czarnecki borrow 200 dollars from Mrs. Maryanna Piekut, I leave the Postal Savings #006433 and 00623, if I do not return 200 dollars with interest these Postal Savings books shall become the prop *292 erty of Mrs. Maryanna Pielcut, signed Antoni Czarneclci”. The postal savings bank books were never assigned to the plaintiff, and at that time had a value of $250.00, but are now of little or no value.
The plaintiff further testified as disclosed by the report that she did not speak to the defendant at any time after the loan was made; that he avoided her; that in April and June 1942 she demanded payment 'in writing and the defendant did not answer nor talk to her after the loan was made. Neither did he offer any payment or tender of money. The defendant testified that he did not promise to pay back the money; that he received a.letter demanding payment but did not reply; that he told her she could do as she pleased with the books and that he did not pay her anything nor tender any money.
At the close of the evidence both parties duly filed requests for rulings. We need consider, however, only the second request of the defendant, which was granted—
“The evidence in this case is sufficient as a matter of law to warrant a finding that there was an accord and satisfaction”.
The Court said in his findings of fact “I find that the plaintiff expected to be repaid ‘in a short time’. There being no time mentioned in the writing within which the loan was to be repaid, I find that one year from January 3,1938, to be a reasonable time within which the loan should have been repaid. I find that, the loan not having been repaid by January 3,1939, the books under the writing became the property of the plaintiff and extinguished the indebtedness. . . . Judgment for the defendant.”
The ruling given was erroneous and prejudicial to the plaintiff. We are unable to determine whether the finding was in pursuance of this ruling, and we cannot say from the *293 report upon what theory of the law the trial court acted, but the burden of proving and accord and satisfaction rested upon the defendant. See Worcester Color Co. vs. Henry Wood’s Sons Co., 209 Mass. 105.
There is no evidence in the record of any surrender of the original rights by the plaintiff without performance nor was any new contract substituted for the original agreement. There was no evidence of a new consideration, neither was there evidence of a tender, nor that any discharge was effected by performance on any terms other than those originally agreed upon. There is, in short, no evidence of an accord and satisfaction, and no basis in the evidence for the ruling given. Sherman vs. Sidman, 303 Mass. 102, 106.
The interpretation of the instrument upon which this claim was based is a question of law to be decided by the trial judge. See Rizzo vs. Cunningham, 303 Mass. 16, 20.
There is no basis in law- for the statement made by the Court that under the terms of this instrument the loan should be paid in one year from its date.
While other errors appear it seems unnecessary to discuss them. It is sufficient to say that the granting of the second request of the defendant was prejudicial error. The finding for the defendant will be vacated and the case will stand for a new trial — So ordered.