JEFFERSON UNION COMPANY *vs.* AMERICAN RADIATOR AND
STANDARD SANITARY CORPORATION.

Suffolk.   November 6, 1952. — January 29, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Set-off.   Bankruptcy,* Set-off.

In an action brought under G. L. (Ter. Ed.) c. 231, § 5, by an assignee
of a claim for goods sold to the defendant, the defendant was entitled
under the statute to set off a claim, assigned to the defendant 'in
writing, for goods sold by the defendant's assignor to the plaintiff's
assignor.   [693–694]

The right of set-off is given by law and is not dependent on agreement.
[694]

In an action upon a claim for goods sold by a trustee in bankruptcy, a
set-off by the defendant of a claim, assigned to the defendant, for
goods bought from the defendant's assignor by the trustee himself,
not by the bankrupt, was not precluded by U. S. C. (1946 ed.) Title 11,
§ 108.   [694]

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated May 24, 1944.

Upon removal to the Superior Court, the action was
heard by *Pinanski*, J.

*Oscar Storer*, for the plaintiff.

*Franklin R. Johnson & Conrad W. Oberdorfer*, for the
defendant.

LUMMUS, J.   This action, begun in a District Court on
May 24, 1944, is one of contract.   The declaration was for a
balance of $1,913.18 for goods sold to the defendant by
Standard Union Company, Inc., which assigned the claim
in writing to the plaintiff.   In other counts the goods are
alleged to have been sold to the defendant by the trustees
in bankruptcy of Lockport Fittings Company, Inc., and the
claim to have been assigned in writing to the plaintiff.

The defendant filed a declaration in set-off for $1,841.90,
for goods purchased by Standard Union Company, Inc.,

from Tonawanda Iron Corporation, which claim was assigned in writing to the defendant.

After a trial without jury in the Superior Court, the judge found for the plaintiff on its declaration in the sum of $1,913.18 with interest from October 1, 1940, and for the defendant in set-off for the sum of $1,841.90 with interest from March 8, 1940. The result was a small balance in favor of the plaintiff. Both parties alleged exceptions, but the defendant states that it waives its exceptions as to the plaintiff's claim in case the finding in favor of the defendant on its declaration in set-off shall stand.

The plaintiff's first exception is to the refusal of a requested ruling that the defendant cannot recover on its declaration in set-off because it contains no allegation of liability on the part of the plaintiff.

The facts do not support that exception of the plaintiff. Between July 31, 1940, and September 9, 1940, the trustees in bankruptcy of Lockport Fittings Company, Inc., sold to the defendant American Radiator and Standard Sanitary Corporation goods to the value of $1,913.18, and on April 21, 1941, the claim was assigned in writing to one Freeman, who on June 2, 1941, assigned it in writing to the plaintiff Jefferson Union Company.

Between February 17, 1940, and March 8, 1940, the trustees in bankruptcy of Lockport Fittings Company, Inc., bought from Tonawanda Iron Corporation goods to the value of $1,841.90, and Tonawanda Iron Corporation assigned its claim in writing to the defendant American Radiator and Standard Sanitary Corporation on August 28, 1940.

By G. L. (Ter. Ed.) c. 231, § 5, the right of an assignee in writing of a nonnegotiable legal chose in action, such as we are concerned with here, to sue in his own name, is made "subject to all defences and rights of counter-claim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor," with an immaterial exception introduced by St. 1945, c. 141, § 2. The right of the defendant to set off its

claim is clear. *Lewis* v. *Club Realty Co.* 264 Mass. 588, 591. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, 529. *Forastiere* v. *Springfield Institution for Savings,* 303 Mass. 101, 102–103. The plaintiff's first exception must be overruled.

The plaintiff's second exception was taken during the testimony of one Stebbins, an officer of the plaintiff. The plaintiff offered to prove by him that in none of the records and in none of his talks with any of the salesmen or clerks did anyone mention any agreement for a set-off. The offer of proof was not that no such agreement existed. But it was not necessary for the defendant to prove such an agreement in order to obtain a set-off. The right of set-off is given by law, apart from agreement.

The only other exception argued by the plaintiff is to the refusal to grant its request numbered 88, which reads, "A claim assigned to a party for the purpose of using it as a set-off cannot be used as a set-off against a trustee in bankruptcy." The reference is to U. S. C. (1946 ed.) Title 11, § 108, the meaning of which is explained in *Continental & Commercial Trust & Savings Bank* v. *Chicago Title & Trust Co.* 229 U. S. 435. That statute has no application to the present case, where the claim set off is against the trustees in bankruptcy and is based upon their own purchases and not on those of the bankrupt.

Other exceptions, not being argued, are waived. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698. *Commonwealth* v. *Gale,* 317 Mass. 274, 276. *Banks* v. *Election Commissioners of Boston,* 327 Mass. 509, 514.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions dismissed.*